D.D.J. ELECTRICAL CONTRACTORS, INC. *v.*
NANFITO & SONS BUILDERS, INC.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 274565
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 8, 1984

*Henry C. Winiarski,* for the plaintiff.
*Jerome M. Griner,* for the defendant.

BARRY, J. The defendant executed a written contract with D.D.J. Electrical Contractors whereby D.D.J. Electrical Contractors was to supply labor and material in connection with electrical installation work. At some point between the date of the contract and the commencement of this action, D.D.J. Electrical Contractors, an unincorporated business, altered its form of doing business and became D.D.J. Electrical Contractors, Inc., a Connecticut corporation. D.D.J. Electrical Contractors, Inc. commenced the present suit for money allegedly owed under the contract signed by its predecessor, D.D.J. Contractors. The defendant has answered the complaint and interposed a special

defense alleging that the plaintiff was not a party to the contract and, therefore, is not a proper party to sue on it, and, further, that D.D.J. Electrical Contractors violated the contract by incorporating. The specific clause that the defendant claims was violated is contained in a rider to the contract and reads as follows: "x. The Subcontractor shall not assign or sublet this work or any part thereof without the written consent of the Contractor."

The plaintiff has moved to strike this special defense. The purpose of the motion to strike is to test the legal sufficiency of a pleading. Connecticut Practice Book § 152; *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all facts well pleaded and it is the court's duty to examine the pleading, assuming the truth of all well pleaded facts. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, supra, 545. The question posed by the defendant's special defense is whether the plaintiff corporation may sue on a contract entered into by its predecessor. Neither counsel for the parties nor the court has located a reported Connecticut case directly on point.

It is well settled in Connecticut that the formation of a corporation creates a new and separate legal entity. *Saphir* v. *Neustadt,* 177 Conn. 191, 209, 413 A.2d 843 (1979).

Clearly, when two or more corporations affect a merger or consolidation, the "surviving or new corporation shall thereupon and thereafter . . . possess all the rights, privileges, immunities and franchises . . . and all debts due on whatever account, and all other choses in action, and all and every other interest, of or belonging to or due to each of the corporations so merged or consolidated, shall be taken and transferred to and vested in such single corporation without further

act or deed." General Statutes § 33-369. Thus, a bona fide successor to predecessor corporations acquires choses in action from its predecessors.

The present case presents an analogous factual situation to corporate mergers and consolidations except that the predecessor entity to the plaintiff here was an unincorporated business. The plaintiff has pleaded in its complaint that it is the successor to D.D.J. Electrical Contractors. The word "successor" does not ordinarily connote an assignee. It is normally used with respect to corporate entities and would include another corporation which by a process of amalgamation, consolidation or duly authorized legal succession, has become invested with the rights and has assumed the burdens of the first corporation. *In Re Murray Realty Co.*, 35 F. Sup. 417 (N.D.N.Y. 1940). To be a successor, "in all material respects the succeeding corporation should stand in the boots of the old one." *In Re Stanley Hotel, Inc.*, 13 B.R. 926, 933 (Bankr. D. Colo. 1981).

This court adopts the corporate merger analogy and finds that the plaintiff corporation is a proper party to sue on the contract entered into by its predecessor unincorporated business. Further, the court is not persuaded that the defendant's rights against any individual who may be liable under the aforesaid contract are in any way affected by this decision.

Accordingly, the plaintiff's motion to strike the defendant's first special defense to the first count of the plaintiff's complaint is granted.