■ In the Matter of SAVINGS BANKS TRUST COMPANY, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which found that petitioner improperly deducted $83,882.57 in service charges on abandoned property. ¶ The issue presented in the instant proceeding is whether petitioner, between 1975 and 1979, properly imposed a service charge of $2.50 per month, per item, on unclaimed property held in its custody income clearance account before the property was turned over to the Comptroller as abandoned property. A hearing officer determined that the imposition was improper, finding that since petitioner "does not have a right to deduct a service fee by contract or statute, and in practice does not charge a service fee to its customers, it may not deduct a * * * service charge against the unclaimed property when it is turned over to the Comptroller as abandoned property". We conclude that respondent Comptroller's position, that since petitioner had no statutory or contractual authority to impose service charges

on its customers' accounts, it also had no authority to impose such charges as against respondent, is correct. The determination should be confirmed and the petition dismissed. ¶ Petitioner is a banking organization which provides, among other banking services, a custody account service for savings banks. Petitioner would receive securities for safekeeping and, on the payment date, automatically credit its customers' custody accounts with the dividend and interest payments due thereon. Any dividend and interest payments received which could not be attributed to a particular customer's custody account were automatically credited to the separate custody income clearance account at issue. This unclaimed property, if it remained unclaimed for three years after receipt, would then become abandoned property and would be turned over to respondent, pursuant to section 300 (subd 1, par [e]) of the Abandoned Property Law. ¶ As a matter of practical bookkeeping, these monthly service charges levied against the unclaimed property were deducted once a year, in November, as a report was made to the State Banking Department. Petitioner did not levy a similar service charge against any other custody accounts, nor did its custody account service contracts with its savings bank customers provide for the imposition of any service charges. In June of 1978, the State Department of Audit and Control conducted an audit of petitioner's records for the reporting years, June, 1975 through June, 1979, to determine compliance with the Abandoned Property Law. As a result of this audit, respondent certified that $83,882.57 in service charges levied against unclaimed property, plus interest, was due and owing respondent. Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination. Special Term transferred the matter to this court. ¶ Respondent's contention that petitioner lacked the authority to impose charges against respondent is well taken. State banks as well as national banks are prohibited from exercising any powers not expressly granted to them (*Nassau Bank v Jones,* 95 NY 115, 121; see, also, *Matter of Myles,* 99 Misc 2d 501, 504). Every bank and every trust company has the power "[t]o receive upon deposit for safe-keeping for hire upon terms and conditions to be prescribed by the bank or trust company * * * securities" (Banking Law, § 96, subd 3, par [a]). The statute, therefore, provides for the imposition of service charges only by agreement with its customers. This record demonstrates that no similar service charges were levied against any other custody accounts. Further, petitioner's custody account service contracts with its savings bank customers did not provide for the imposition of any service charges. Thus, petitioner, in imposing the charges in dispute, acted in excess of any authority it had to impose service charges. We find it unnecessary to reach any other issues raised by the parties. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.