In the Matter of Travelers Express Company, Inc., Appellant, v Edward V. Regan, as Comptroller of the State of New York, et al., Respondents.

Third Department, February 13, 1986

APPEARANCES OF COUNSEL

*Laverne, Sortino, Hanks & Lustig (Curtis D. Forslund, P. A.,* of counsel), for appellant.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *William J. Kogan* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J.

The stipulated facts are as follows. Petitioner is a Minnesota corporation which sells money orders in this State. From 1959 to 1966, petitioner's predecessors in interest sold money orders here, and petitioner itself has sold money orders in this State since 1966. Some of the money orders sold by petitioner and its predecessors were never cashed and the status of these money orders is at issue herein.

Based upon an examination of petitioner's financial records, respondent Comptroller determined that petitioner was holding abandoned property due and owing to the State in the amount of $908,527.27. This sum represented the amount of money orders issued in the State by petitioner and its predecessors during the years 1959 through 1973 which were unclaimed and unpaid for a period of seven years. The Comptroller acted pursuant to Abandoned Property Law § 1309 (2), which provides that money orders not paid for a period of seven years from their issuance escheat to the State as abandoned property. Section 1309 (2) (d) was added by amendment in 1979 (L 1979, ch 591) to include organizations such as petitioner, not incorporated in this State, but doing business here.

Upon petitioner's refusal to pay over the amount claimed, an administrative hearing was convened for the purpose of certifying the sum as abandoned property pursuant to Aban-

doned Property Law § 1309 (2) (d). At the hearing, petitioner argued that the amount in question is not subject to section 1309 (2) (d) because paragraph (d) was added to the statute in 1979 and was intended by the Legislature to be applied prospectively. Since the money orders in question were all issued prior to 1979, petitioner asserted that they were not within the reach of section 1309. Additionally, petitioner argued that if the amount claimed is within the reach of section 1309 (2) (d), petitioner has a contractual right to deduct maintenance charges from the face value of the money orders at issue. Prior to April 19, 1982, petitioner paid the full face value of all money orders presented to it for payment more than three years after issuance. Subsequent thereto, petitioner has regularly collected these maintenance charges. Petitioner maintains that prior to April 19, 1982, full payment on overdue money orders was made based on special requests from the holders of the money orders and not with the intent to waive the right to deduct the charges. Clarence Anderson, petitioner's president, testified that petitioner did not at any time intend to waive its right to deduct maintenance charges from money orders other than those for which payment was actually made. Since 1969, money orders issued by petitioner explicitly declare that maintenance charges may be deducted from money orders not presented for payment within three years of issuance. The only time service charges were assessed by petitioner prior to 1982 was when uncollected money orders were turned over to a State as abandoned property.

The Administrative Law Judge (ALJ) held that the entire amount claimed by the Comptroller was abandoned property and that petitioner was obligated to remit the sum claimed to the State. In so doing, the ALJ held that Abandoned Property Law § 1309 (2) (d) was intended by the Legislature to be applied retroactively. Concerning the issue of maintenance charges, the ALJ ruled, *inter alia,* that petitioner "continuously relinquished its right to service charge the money orders in question" and thus had "intentionally waived its rights" to do so. Since the Comptroller's rights with regard to abandoned property derive from the rights of the holders of the money orders, the ALJ held that "the waiver of service charges by [petitioner] as to the owners defeats any right it may seek to assess against the Comptroller for such service charges". Also rejected was petitioner's claim that, even assuming a waiver had been made, petitioner had subsequently revoked the waiver. The basis for this holding was that once the money

orders, at face value, became abandoned property under the Abandoned Property Law, any right to revoke the waiver and deduct maintenance charges had elapsed.

Petitioner then commenced the instant CPLR article 78 proceeding seeking to annul the Comptroller's determination. Special Term dismissed the petition and this appeal ensued. We affirm.

Abandoned Property Law § 1309 (2) (d) concerns uncashed travelers checks and money orders, and the conditions under which they will be deemed abandoned property that escheats to the State. Abandoned Property Law § 1309 (2) provides, *inter alia,* that:

"Any amount held or owing by [any organization other than a banking organization] for the payment of a money order * * * *sold by such organization on or after January first, nineteen hundred thirty* shall be deemed abandoned property when such amount has remained unpaid to the person entitled thereto for seven years *and * * **

"(b) such organization is incorporated in this state and such last known address cannot be obtained from the records of such organization and the records of such organization do not disclose the place of sale of the money order or instrument, or

"(c) such organization is incorporated in this state and such last known address is located in a state not having in effect a statute under which such amount is payable to such state as unclaimed, abandoned or escheated property, or

"(d) *such organization is incorporated in this state or another state* or foreign country as such last known address is not shown on the records of such organization and *such records disclosed that the place of sale of the money order or instrument was in this state"* (emphasis supplied).
Paragraph (d) was added to the statute in 1979 (L 1979, ch 591) to bring New York into conformity with Federal law.

Petitioner contends that since the Legislature made paragraph (d) effective immediately as of July 10, 1979, it did not intend the paragraph to be applied retroactively. In this regard, petitioner refers to the well-settled rule that an act will be applied prospectively unless the Legislature clearly evinces an intent to apply the statute retroactively (McKinney's Cons Laws of NY, Book 1, Statutes §§ 51, 52). However, we agree with Special Term that paragraph (d) was clearly intended to apply retroactively. Paragraph (d) is dependent upon and follows from the "introductory" paragraph which

states that subdivision (2) of Abandoned Property Law § 1309 applies to money orders sold "on or after January first, nineteen hundred thirty". The subdivision provides that said money orders shall be deemed abandoned property if they have remained unpaid for seven years *and* one of the following paragraphs, of which paragraph (d) is one, applies. Paragraph (d), without the "introductory" paragraph, is meaningless. Consequently, after reading the subdivision as a whole, we are unable to accept petitioner's argument that the Legislature intended paragraph (d) to be part of subdivision (2), but that it did not intend the express operational language of said subdivision to apply.

Petitioner next contends that it did not waive its contractual right to deduct maintenance charges from the money orders in issue. Prior to April 19, 1982, petitioner paid the full face value of all money orders presented to it for payment more than three years after their issuance. In fact, during the period at issue, the only time petitioner deducted maintenance charges was when the money orders were turned over to the various States pursuant to abandoned property laws. Thus, while petitioner would not charge its customers, petitioner would charge the State. The problem with petitioner's disparate treatment of its customers and the State is that the State has any and all rights of the owners to the property it claims as abandoned property *(see, Matter of Savings Banks Trust Co. v Comptroller of State of N. Y.,* 101 AD2d 908; 1 NY Jur 2d, Abandoned, Lost, and Escheated Property, § 10, at 13-14). Thus, we find that petitioner's waiver as to its customers is also a waiver as to the State *(ibid.).*

In its final argument, petitioner asserts that, assuming, arguendo, it did waive its right to deduct maintenance charges, it subsequently revoked the waiver. This contention must be rejected as it was not until 1982 that petitioner implemented its new policy of deducting maintenance charges. The money orders claimed herein are money orders outstanding for seven years as of December 31, 1980. Accordingly, the judgment should be affirmed.

MAHONEY, P. J. (dissenting). In my view, Abandoned Property Law § 1309 (2) (d) was not intended by the Legislature to be applied retroactively, and, therefore, I would reverse Special Term's judgment and grant the petition.

It is well settled in this State that there is a general presumption against the retroactive operation of a statute and

subsequent amendments thereto, and an act will be applied prospectively unless the Legislature unequivocally evinces an intent to apply the statute retroactively (McKinney's Cons Laws of NY, Book 1, Statutes §§ 51, 52; *Murphy v Board of Educ.*, 104 AD2d 796, 797). In this case, the statute (Abandoned Property Law § 1309 [2] [d]) was amended to include petitioner (L 1979, ch 591). The legislation contains no suggestion whatsoever that it was intended to be applied retroactively. In fact, the amendment states, "This act shall take effect immediately" (L 1979, ch 591, § 3), thus making it effective July 10, 1979. The Comptroller takes the position that the amendment is retroactive because the lead sentence of Abandoned Property Law § 1309 (2) states that it applies to any money order sold on or after January 1, 1930. However, that portion of the statute was added in 1969 (L 1969, ch 1114). Language used by the Legislature in 1969 should not be used to infer a legislative intent that a 1979 statutory amendment be given retroactive application. Otherwise, any amendments made to Abandoned Property Law § 1309 (2) would, by implication, be applied retroactively. This would violate the principle that legislation will be applied prospectively unless the Legislature unequivocally evinces an intent that it be applied retroactively.

This analysis is supported by a reading of a 1973 amendment to the statute. This amendment added paragraphs (a), (b) and (c) to Abandoned Property Law § 1309 (2). The amendment expressly stated that it was retroactive: "This act shall take effect immediately, and shall apply to travelers checks and money orders sold on or after January first, nineteen hundred thirty" (L 1973, ch 881, § 5). Since the Legislature clearly stated its intent that the 1973 amendment be applied retroactively, it could have done so with regard to the 1979 amendment had it so intended.

CASEY, WEISS and LEVINE, JJ., concur with KANE, J.; MAHONEY, P. J., dissents and votes to reverse in an opinion.

Judgment affirmed, without costs.