## Francisco L. Borges *v.* The Westport Bank and Trust Company

Superior Court     Judicial District of     File No. 522939
Hartford-New Britain at Hartford

Memorandum filed December 6, 1993

*William J. Prensky,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the plaintiff.

*Sherwood, Garlick, Cowell & Divin,* for the defendant.

Hennessey, J. The defendant moves to strike the second count of the plaintiff's amended complaint for failure to state a claim upon which relief can be based.

The defendant is a state chartered bank and trust company that had possession of unclaimed demand and savings deposits. Pursuant to the Connecticut escheat statute, General Statutes § 3-56a et seq., the defendant reported the abandoned property to the plaintiff, the treasurer of the state of Connecticut, and trans-

ferred the dormant accounts to the plaintiff as abandoned property. The defendant, however, withheld $29,166.34 as service charges on the accounts.

The $29,166.34 withheld to satisfy service charges is the subject of the present action. In his two count amended complaint, dated June 24, 1993, the plaintiff alleges that the money is abandoned property under General Statutes § 3-57a that should be transferred to the plaintiff under General Statutes § 3-65a (b). In count one, the plaintiff alleges that the defendant unlawfully imposed the service charges on the abandoned demand and savings deposits. In count two, the plaintiff alleges that, even if the fees are legal, the defendant has a policy of reversing service charges upon request of the account owner (customer). The plaintiff alleges that he may assert the rights of the unknown customers and request the reversal of the charges.

On July 12, 1993, the defendant filed a motion to strike count two of the amended complaint on the ground that it fails to state a claim upon which relief can be based under the escheat statute. The defendant argues in its memorandum of law supporting the motion that if the court finds the count "states a claim upon which relief can be granted, the escheat statute violates both the federal and state equal protection clauses." The plaintiff filed a memorandum of law in support of its objection to the defendant's motion to strike on August 12, 1993.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citations omitted; internal quotation marks omitted.) *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.,* 224 Conn. 210, 214–15, 618 A.2d 25 (1992). A motion to strike admits all well pleaded facts; *Ferryman* v.

*Groton,* 212 Conn. 138, 142, 561 A.2d 432 (1989); and the court must construe those facts in the light most favorable to the plaintiff. *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.,* supra, 215. A motion to strike does not admit legal conclusions or opinions stated in the complaint. *Westport Bank & Trust Co.* v. *Corcoran, Mallin & Anesco,* 221 Conn. 490, 495, 605 A.2d 862 (1992).

It is noted that the defendant's motion does not comply with Practice Book § 154 because the defendant failed to specify the grounds upon which it bases the claim of insufficiency. *Bouchard* v. *People's Bank,* 219 Conn. 465, 468 n.4, 594 A.2d 1 (1991). The court, however, will consider the motion as presented, in light of the plaintiff's failure to object to the form of the motion and the nonjurisdictional nature of Practice Book § 154. Id.

In its memorandum of law in support of its motion to strike, the defendant argues that count two of the plaintiff's amended complaint is based on the escheat statute, which specifically excludes from its definition of abandoned property "any charges that lawfully may be withheld." General Statutes § 3-57a (a) (1). Since the plaintiff does not allege that the charges have been unlawfully withheld, the defendant argues that the charges are not abandoned property to which the plaintiff has any right under the statute. Following this reasoning, the defendant argues that to allow the plaintiff to claim as abandoned property that which is excluded from the definition of abandoned property would contradict § 3-57a (a) (1).

The defendant's argument in support of its motion to strike mischaracterizes the theory underlying count two of the plaintiff's amended complaint. The claim is not based on the escheat statute, but rather on a common law theory of waiver that does not require the

court to construe the statute itself. In count two of the amended complaint, the plaintiff claims that, even had the charges been lawfully withheld, the defendant's practice of waiving its contractual rights to service charges against rightful owners upon request operates as a waiver of those rights when the state makes a similar request. The plaintiff argues that the statute is a "custodial" escheat law, under which the state holds the unclaimed property in perpetual custody for the missing owner, giving the state derivative rights. The plaintiff claims that since the defendant reverses the charges upon a customer's request, the defendant is bound to reverse the charges upon the treasurer's request.

While the Connecticut courts have been silent on the precise issue in the present case, other jurisdictions have found that where a defendant waived its rights to collect service charges on uncashed money orders, that defendant could not exercise that right against the state treasurer. *Cory* v. *Golden State Bank,* 95 Cal. App. 3d 360, 157 Cal. Rptr. 538 (1979); *Louisiana Health Service* v. *McNamara,* 561 So. 2d 712 (La. 1990); *Travelers Express* v. *Regan,* 114 App. Div. 2d 194, 498 N.Y.S.2d 569 (1986); *Violet* v. *Travelers Express Co.,* 502 A.2d 347 (R.I. 1985). These other jurisdictions base their findings on similar rationales. The New York court reasoned that the disparate treatment of the customers and the state was improper because "the State has any and all rights of the owners to the property it claims as abandoned property . . . . Thus, [the court found] that petitioner's waiver as to its customers is also a waiver as to the State." (Citations omitted.) *Travelers Express* v. *Regan,* supra, 198. Similarly, the Rhode Island Supreme Court noted that "the rights of the state's general treasurer are derivative. The treasurer acquires all rights of the rightful owner. [The defendant], having waived its contractual rights as to

individual purchasers of money orders, may not now enforce those same rights against the state.'' *Violet* v. *Travelers Express Co.,* supra, 349–50. Further, the California court came to the same conclusion in a case that involved an escheat statute that, like Connecticut's, excludes from its definition of abandoned property ''charges that may lawfully be withheld.'' (Internal quotation marks omitted.) *Cory* v. *Golden State Bank,* supra, 539.

In the second count of his amended complaint, the plaintiff alleges that the defendant has a general policy of reversing service charges upon the request of customers. The plaintiff also alleges that he had requested that the defendant reverse the charges. This court finds that the defendant's policy of refunding service charges constitutes a waiver of its right to refuse to reverse the service charges. The second count is legally sufficient.

The defendant argues that even if the court finds that count two contains a legally sufficient cause of action, the escheat statute, as applied, violates the equal protection clause of both the state and federal constitutions by treating banks that have a policy of refunding service charges differently than those that do not. The plaintiff argues in response that his request that the defendant reverse the service charges does not violate any constitutional right because, by making such a request, he is merely acting as the alter ego of the true owners of the accounts and may assert any claim or right available to the owners.

The defendant has failed to show that the equal protection clause is implicated by the plaintiff's claim. The court is not required to apply the statute in deciding the motion to strike. Rather, the court is merely acknowledging the legal sufficiency of a claim that asserts that when a bank honors customer requests to

waive fees, that bank may also be waiving its right to collect similar fees on abandoned accounts if the state, as custodian for the true owners, makes the same request. The constitutional claim, therefore, is without merit.

The defendant's motion to strike count two of the plaintiff's amended complaint is denied.