[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE, #114
Whether the court should grant the motion to strike the second count of the complaint because the allegations contained therein regarding the defendant's operation of a lathe do not set forth a cause of action for strict liability based on the ultrahazardous activity doctrine.
FACTS
The following facts are alleged in the substitute complaint, #112. The plaintiff, The Pye Hogan Machine Company, Inc., is a Connecticut corporation with a principal place of business at 167-1 Elm Street, Old Saybrook, Connecticut. The defendant, Hi-Tech Industries, Inc., is a Connecticut corporation with a principal place of business at 167 Elm Street, Old Saybrook, Connecticut, which is adjacent to but separate from the plaintiff's place of business. On or about September 15, 1989, an agent, servant and/or employee of the defendant was operating a lathe on CT Page 6107 the defendant's premises within the scope of his or her agency, authority and/or employment. The operation of the lathe caused a fire which spread to the plaintiff's premises and destroyed inventory and equipment owned by the plaintiff. The second count of the plaintiff's complaint alleges that the fire was caused by an ultrahazardous activity, namely, the operation of the lathe in the vicinity of certain magnesium casings or other highly flammable substances.
The defendant now moves to strike the second count of the complaint on the ground that the allegations contained therein do not state a cause of action for strict liability based on the ultrahazardous activity doctrine.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d (1985) (emphasis in original). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted).
"A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger or probable injury, is liable if such injury results even though he uses all proper care." Green v. Ensign-Bickford Co., 25 Conn. App. 479, 483, A.2d (1991), quoting Whitman Hotel Corporation v. Elliot Watrous Engineering Co.,137 Conn. 562, 570, 79 A.2d 91 (1951).
 Sections 519 and 520 of 3 Restatement (Second), Torts, address the doctrine of strict liability for ultrahazardous activities. Section 519 provides in pertinent part: "(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another CT Page 6108 resulting from the activity, although he has exercised the utmost care to prevent the harm." Comment (d) of the Restatement points out that the liability of Sec. 519 is not based on any intent of the defendant to do harm to the plaintiff; rather, it arises out of the abnormal danger of the activity itself, and the risk that it creates of harm to those in the vicinity. "It is founded upon a policy of law that imposes upon anyone who for his own purposes creates an abnormal risk of harm to his neighbors, the responsibility of relieving against the harm when it does in fact occur." Id.
 The factors for a court to consider in determining whether an activity is abnormally dangerous are listed in Sec. 520 of the Restatement as: "(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes." 3 Restatement (Second), Torts Sec. 520.
 . . . It is important to note that comment (f) of Sec. 520 clearly states that all of the factors need not be present for an activity to be considered abnormally dangerous. Comment (f) to Sec. 520 provides: "In determining whether the danger is abnormal, the factors listed in Clauses (a) to (f) of this Section are all to be considered, and are all of importance. Any one of them is not necessarily sufficient of itself in a particular case, and ordinarily several of them will be required for strict liability. On the other hand it is not necessary that each of them be present, CT Page 6109 especially if others weigh heavily. (Emphasis added).
. . . .
 . . . Comment (h) provides that "a combination of the factors stated in clauses (a), (b) and (c), or sometimes any of them alone, is commonly expressed by saying the activity is `ultrahazardous' or extra hazardous. . . .'"
Green v. Ensign-Bickford Co., surpa, 485-87.
 The issue of whether an activity is abnormally dangerous, however, is a question of law for a court to decide. Caporale v. C.W. Blakeslee Sons, Inc., [149 Conn. 79, 86, 175 A.2d 61 (1961)]; Whitman Hotel Corporation v. Elliot Watrous Engineering Co., supra, 565; D. Wright J. FitzGerald, [Connecticut Law of Torts (3d Ed.) Sec. 122]; 3 Restatement (Second), Torts Sec. 520, comment (1).
Id., 485.
The defendant argues that the facts of the case do not fit within the above standards nor within the facts of Connecticut cases which have held that certain activities are ultrahazardous. These cases hold that blasting, pile driving and experiments with explosive constitute ultrahazardous activities. Caporale v. C. W. Blakeslee Sons, Inc., surpa (pile driving); Whitman Hotel Corporation v. Elliot Watrous Engineering Co., supra (blasting); Green v. Ensign-Bickford Co., supra (experimenting with explosives). The defendant also notes that "our appellate courts have been extremely reluctant to expand the concept of ultrahazardous activity and to broaden the doctrine of strict liability." C M Corporation v. Brooklyn Iron Works,3 CSCR 493 (May 10, 1988, Noren, J.).
The plaintiff argues that the alleged activity sufficiently states a cause of action under the doctrine of ultrahazardous activity because the defendant's activities are analogous to the blasting and pile driving cases.[1]
By the plaintiff's own allegations, the inherently dangerous activity was not the operation of the lathe CT Page 6110 per se, but rather the operation of the lathe in the proximity of certain highly flammable substances. The defendant could eliminate the risk by operating the lathe a reasonably safe distance away from all highly flammable substances. See Restatement (Second), Torts Sec. 520(c). Although the absence of only one of the factors listed in Restatement (Second), Torts Sec. 520 is not necessarily dispositive of the conclusion that the activity was not ultrahazardous, this should be the result here because the ability to eliminate the risk through the operation of ordinary care is a factor which weighs particularly heavy in the balance.
CONCLUSION
The court grants motion to strike the second count of the complaint because the allegations contained therein regarding the defendant's operation of a lathe do not set forth a cause of action for strict liability based on the ultrahazardous activity doctrine.
AUSTIN, J.