[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer, including any counterclaim[1] continued therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings], . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the counterclaim "in the manner most; favorable to sustaining its legal sufficiency." (Citation omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). However, where the facts provable under the allegations would not support a claim, the motion must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541
545, 427 A.2d 822 (1980).
K-Mart moves to strike Carpet Cleaning's counterclaim on the ground that it is prohibited under the exclusive remedy provisions of General Statutes 31-284(a). In opposition. Carpet Cleaning argues that because it seeks indemnification from K-Mart and it CT Page 2790 has alleged that an independent relationship exists, its claim is not barred by the Workers' Compensation Act.
Ordinarily, the Workers' Compensation Act provides the exclusive remedy against employers in "any action for damages on account of personal injury sustained by an employee . . . in the course of his [or her] employment." General Statutes 31-284(a). However, "if the employer can be said to have breached an independent duty toward the third-party, or if there is a basis for finding an implied promise of indemnity recovery in the form of indemnity may be allowed." (Emphasis added.) Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). "`The clearest exception to the exclusive-liability clause is the third party's right to enforce an express contract in which the employer agrees to indemnify the third party for the very kind of loss that the third party has been made to pay to the employee.'" Thibeault v. Mark Industries, 8 CTLR 3, 4 (November 30, 1992, Dunn, J.), quoting 2A Larson, Workmen's Compensation Law 76.42; see also Ferryman, supra, 145.
Carpeting Cleaning argues that its complaint alleges a contract between itself and K-Mart and establishes an independent legal relationship. "Ferryman, however, did not simply hold that a relationship need be demonstrated, but that only `if the employer can be said to have breached an independent legal duty toward the third party . . . [can] recovery in the form of indemnity be allowed.'" (Citations omitted.) Rodrigues v. Kachmarik, 6 CTLR 312, 313 (April 15, 1992, Meadow, J.) (Denying motion to strike special defense on grounds that third-party plaintiff's allegations demonstrated only an independent relationship and not an independent duty).
Although the counterclaim alleges a contractual relationship between Carpet Cleaning and K-Mart, it does not allege any independent duty of indemnification owed to Carpet Cleaning by K-Mart. Rather, the counterclaim alleges a breach of duty which K-Mart owed to its employees. (See Defendant's Counterclaim, para. 4). The defendant/third-party plaintiff has failed to allege sufficient facts to establish an independent legal duty, and therefore, the third-party defendant's motion to strike the counterclaim is granted.
SYLVESTER, J.