[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE THE SPECIALDEFENSE OF BOTH DEFENDANTS BACHELDER
By amended complaint filed April 22, 1994, the plaintiff, GF Property Corporation ("GF"), commenced this foreclosure action against the defendants, Herbert H.N. Bachelder, Sr. ("Bachelder Sr."), Herbert H.N. Bachelder, Jr. d/b/a Myrt's Spirit Shop, Herbert H.N. Bachelder, Jr., Olive A. Bachelder ("Bachelder"), Yale New Haven Hospital, and Lawrence and Memorial Hospital. The plaintiff alleges the following facts. By their note dated September 13, 1988, defendants Bachelder Sr., Herbert H.N. Bachelder, Jr., d/b/a Myrt's Spirit Shop, CT Page 7938 Herbert H.N. Bachelder, Jr. and Bachelder promised to pay to the order of The First Connecticut Small Business Investment Company the principal amount of $220,000.00 payable with interest thereon. By mortgage deed, defendants Bachelder, Sr., Herbert H.N. Bachelder and Bachelder mortgaged to The First Connecticut Small Business Investment Company two properties then owned by them known and designated as 1030 Norwich-New London Road, Montville, Connecticut, and 42 Dubois Road, Montville, Connecticut.
On December 20, 1991, said note and mortgage were assigned by The First Connecticut Small Business Investment Company to Jack Birnberg ("Birnberg") and Victor Harz ("Harz"), Trustees of the Participating Trust. On December 9, 1993, said note and mortgage were subsequently assigned by Birnberg and Harz to The First Connecticut Capital Corporation. On December 9, 1993, said note and mortgage were subsequently assigned by The First Connecticut Capital Corporation to GF. GF is now the bona fide owner of said note and mortgage. Said note is in default as of September 15, 1993.
On December 29, 1993, Birnberg and Harz filed a demand for disclosure of defense. On January 31, 1994, Birnberg and Harz filed a motion for default for failure to disclose a defense against Bachelder Sr. Said motion was granted by the court, Hendel, J., on February 14, 1994.
On April 22, 1994, Birnberg and Harz filed a motion to substitute GF as the party plaintiff in this action. On May 16, 1994, GF was substituted as the party plaintiff in this action and seeks, inter alia, the strict foreclosure of said mortgage.
On May 5, 1994, defendants Bachelder Sr. and Bachelder filed an answer and a special defense. In their special defense, the defendants argue that the equitable doctrine of marshalling requires that the plaintiff first look to the commercial premises to satisfy its obligation.
On June 8, 1994, GF filed the instant motion to strike the special defense filed by both defendant Bachelder Sr. and defendant Bachelder. In support of their motion, plaintiff filed an accompanying memorandum of law. CT Page 7939
A motion to strike is the proper vehicle by which to test the legal sufficiency of a special defense. Practice Book § 152(5). The motion to strike admits all facts well pleaded.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991).
GF argues in support of its motion to strike as follows: (1) because Bachelder Sr. was defaulted for failure to disclose a defense, the disclosure of defense and special defense filed by Bachelder Sr. and Bachelder are improper; (2) the special defense is legally insufficient in that marshalling is a doctrine not applicable to the present situation.
Motion to Strike as to Bachelder Sr.
Practice Book § 236 provides, in pertinent part, as follows:
 In any action to foreclose or discharge any mortgage . . . in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court, to become a part of the file in such a case, a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If the defendant fails to disclose a defense within five days of the filing of such demand, the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense.
On February 14, 1994, a motion for default for failure to disclose a defense was granted against defendant Bachelder Sr. CT Page 7940 Practice Book § 376 sets forth the procedure for opening a default where judgment has not been rendered and provides, in pertinent part, that "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose." Because defendant Bachelder Sr. has not moved to open the default pursuant to Practice Book § 376, his answer and special defense are not properly before the court. Thus, the court need not address the plaintiff's motion to strike Bachelder Sr.'s special defense since no special defense is before the court.
Motion to Strike as to Bachelder
A motion for default for failure to disclose a defense has not been filed against defendant Bachelder. Thus, GF's argument that her special defense is not properly before the court is without merit. GF further argues that Bachelder's special defense is legally insufficient because the doctrine of marshalling is not applicable to the present situation.
The basis of the doctrine of marshalling is as follows:
 [W]here one creditor has security on two funds of his debtor, and another creditor has security for his debt on only one of those funds, the latter has a right in equity to compel the former to resort to the other fund, if it is necessary for the satisfaction of both creditors, provided it will not prejudice the rights or interests of the party entitled to the double fund, nor do injustice to the common debtor, nor operate inequitably on the interests of other persons . . . the principle ordinarily applies only to secured creditors.
(Internal quotation marks omitted.) Greenwich Trust Co. v.Tyson, 129 Conn. 211, 227-28, 27 A.2d 166 (1942). In the present case, Bachelder, a debtor, argues that GF should first look to the commercial premises located at 1030 Norwich-New London Road to satisfy the debt before it looks to the residential premises. Because Bachelder is not "another creditor," this is not the type of limited circumstance in which the doctrine of marshalling applies. See id.
Therefore, GF's motion to strike Bachelder's first special defense is granted. CT Page 7941
Leuba, J.