[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
By an amended four-count complaint, filed on May 26, 1994, the plaintiff, Gregory T. Dunn, brings this action against the defendant, NPM Healthcare Products, Inc., seeking money damages and equitable relief. The plaintiff alleges the following facts.
On or about February 28, 1993, the defendant advertised an employment position in the classified section of the SundayBulletin published in Norwich, Connecticut for a "manufacturing engineer, new product coordinator." The plaintiff responded to said advertisement and received an offer of employment from Norm Markert, the defendant's Vice President of Operations. On or about May 24, 1993, the plaintiff commenced his employment for the defendant. On or about March 18, 1994, the defendant terminated the plaintiff's employment on the ground that the plaintiff "[f]ailed to meet CT Page 8545 work standards."
In count two, the plaintiff alleges that his detrimental reliance upon promises and representations made by the defendant precluded him from pursuing other employment opportunities. In count four, the plaintiff alleges that the defendant negligently inflicted emotional distress upon the plaintiff.
On June 7, 1994, the defendant filed the instant motion to strike counts two and four of the plaintiff's amended complaint. The defendant filed a supporting memorandum of law. On June 10, 1994, the plaintiff filed a subsequent amended complaint for purposes of clarifying allegations contained in count four.[1] On June 15, 1994, the plaintiff filed an objection to the defendant's motion to strike. The plaintiff submitted a supporting memorandum of law.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142.
Upon deciding a motion to strike, the trial court must construe "the plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142.
Promissory Estoppel
The defendant argues that count two of the plaintiff's amended complaint is legally insufficient because the plaintiff has failed to allege facts necessary to support a claim for promissory estoppel.
 Under the law of contract, a promise is generally not enforceable unless it is supported by CT Page 8546 consideration. E. Farnsworth, Contracts (1982) § 2.9, p. 89; A. Corbin, Contracts (1963) § 193, p. 188. [The Connecticut Supreme Court] has recognized, however, the `development of liability in contract for action induced by reliance upon a promise, despite the absence of common-law consideration normally required to bind a promisor. . . .'
(Citations omitted.) D'Ulisse-Cupo v. Board of Directors ofNotre-Dame High School, 202 Conn. 206, 213, 520 A.2d 217
(1987). Thus, the doctrine of promissory estoppel provides that "`[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" Id., quoting Restatement (Second), Contracts § 90 (1973).
 A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all.
Id., citing E. Farnsworth, supra, § 2.19, p. 95.
In support of his claim for promissory estoppel, the plaintiff alleges the following facts. The plaintiff's letter of offer from the defendant "referenc[ed] an end-of-year 1993 performance appraisal and merit increase and midyear 1994 performance and compensation review. . . ." On or about May 21, 1993, the plaintiff received the defendant's Rules and Regulations, which set forth thirteen infractions that would subject an employee to disciplinary action or dismissal. The plaintiff further alleges that he
 never received an end-of-year 1993 performance appraisal as stated in said offer letter, nor any performance appraisal at any other time, despite his request to his supervisor in mid-January of 1994 for such an appraisal; nor were any standards of performance, written or oral, provided to him, CT Page 8547 apart from said Rules and Regulations.
In or about February, 1994, the plaintiff
 elected not to pursue [a higher paying position with another company] in the belief that his performance with the Defendant was satisfactory and his future secure. . . . The Plaintiff relied on the promises and representations of the Defendant to his detriment in that he was never given a performance appraisal nor were standards of performance provided to him either orally or in writing, nor was he told orally or in writing that his performance or his general approach was unsatisfactory, which would have led him to pursue other employment opportunities.
There is a "general proposition that contracts for an indefinite term of employment are terminable at will." Morrisv. Hartford Courant Co., 200 Conn. 676, 678, 513 A.2d 66
(1986). Judging from an objective standard, the plaintiff has failed to allege that the defendant had reason to expect that the plaintiff's reliance on the issuance of certain performance appraisals would lead the plaintiff to discontinue pursuing a possibility of employment at a higher salary with another company. See D'Ulisse-Cupo v. Board of Directors ofNotre-Dame High School, supra.
Construing the plaintiff's complaint in a manner most favorable to sustaining its legal sufficiency, the plaintiff's claim for promissory estoppel is legally insufficient. Therefore, the defendant's motion to strike count two of the plaintiff's amended complaint is granted.
Negligent Infliction of Emotional Distress
The defendant argues that count four of the plaintiff's amended complaint is legally insufficient because the plaintiff has failed to allege facts necessary to support a claim for negligent infliction of emotional distress. The defendant, relying upon Collins v. Gulf Oil Corp. , 605 F. Sup. 1519
(D. Conn. 1985), argues that the plaintiff "would have [this court] hold that any time an employer does not comply with performance evaluation procedures and terminates an employee that it has negligently inflicted emotional stress. CT Page 8548 Such is not the law." Id., 1523. The court in Collins v. GulfOil Corp. , supra, however, was faced with a motion for summary judgment in which the plaintiff failed to introduce evidence demonstrating that the defendant should have realized that its conduct involved unreasonable risk of causing emotional distress. Id. Collins v. Gulf Oil Corp. , supra, appears to this court to be distinguishable because the present case involves a motion to strike not a summary judgment.
The Connecticut Supreme Court has recognized "an action for unintentional infliction of emotional distress based upon unreasonable conduct of the defendant in the termination process." (Footnote omitted.) Morris v. Hartford Courant Co., supra, 681-82. To properly allege a cause of action for negligent infliction of emotional distress, the plaintiff must "plead . . . that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Citations omitted; internal quotation marks omitted; emphasis omitted.) Buckmanv. People Express, Inc., 205 Conn. 166, 173, 530 A.2d 596
(1987).
The plaintiff alleges the following:
 The Defendant knew or should have known that its conduct in terminating the Plaintiff for failure to meet work standards, without warning, without notice, without any performance appraisals as specified in its offer letter or any information to him as to performance standards, involved an unreasonable risk that the Plaintiff would suffer emotional distress, embarrassment, humiliation and damage to his professional reputation, which might result in illness or bodily harm.
The plaintiff argues that future discovery will allow him to present facts about his personal and employment history in support of his claim for negligent infliction of emotional distress. This court, however, is limited to the facts alleged in the complaint now under review. See Gordon v.Bridgeport Housing Authority, supra, 170. Because of this rule the plaintiff has failed to allege facts to support his claim that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional CT Page 8549 distress and that that distress, if it were caused, might result in illness or bodily harm.
Construing the plaintiff's amended complaint in a manner most favorable to sustaining its legal sufficiency, the plaintiff's claim for negligent infliction of emotional distress is legally insufficient. Therefore, the defendant's motion to strike count four of the plaintiff's amended complaint is granted.
Leuba, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 8559