FREDERICK L. BOUCHARD *v.* PEOPLE'S BANK
(14213)

PETERS, C. J., SHEA, GLASS, COVELLO and F. X. HENNESSY, Js.

Argued April 24—decision released July 9, 1991

*Andrea A. Hewitt,* with whom was *Eliot B. Gersten,* for the appellant (plaintiff).

*Ronald D. Williams, Jr.,* for the appellee (defendant).

GLASS, J. The sole issue in this appeal is whether the plaintiff, Frederick L. Bouchard, pleaded sufficient facts in his complaint to state a cause of action against the defendant, People's Bank, as the assignee of certain choses in action under General Statutes § 52-118.[1] See Practice Book § 190.[2] We conclude that the plain-

---

[1] "[General Statutes] Sec. 52-118. ACTION BY ASSIGNEE OF CHOSE IN ACTION. The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name. Such a plaintiff shall allege in his complaint that he is the actual bona fide owner of the chose in action, and set forth when and how he acquired title."

[2] "[Practice Book] Sec. 190.——ACTION BY ASSIGNEE OF CHOSE IN ACTION

"Where the assignee and equitable and bona fide owner of any chose in action, not negotiable, sues thereon in his own name, he shall in his complaint allege that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto."

tiff's complaint was legally sufficient, and we therefore reverse the judgment of the Superior Court that was rendered following the granting of the defendant's motion to strike the complaint.

In reviewing the legal sufficiency of the plaintiff's complaint, we assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the complaint. *Michaud* v. *Wawruck,* 209 Conn. 407, 408, 551 A.2d 738 (1988). The plaintiff is a former officer and shareholder of Organization Change Associates, Inc. (the corporation). The corporation never maintained a bank account with the defendant. Another former officer and shareholder of the corporation, Jeffrey Pilgrim, acting under the name of Datatran Company (Datatran), had, however, maintained a bank account with the defendant.

In his position as a corporate officer, Pilgrim had access to incoming checks payable to the corporation. Between November 2, 1988, and January 31, 1989, Pilgrim presented at least four such checks to the defendant for deposit in the Datatran account. The defendant, knowing that the corporation did not maintain an account with it, negligently paid the checks into the Datatran account.

After learning of the defendant's negligence in July, 1989, and, having purchased all of the assets of the corporation on June 27, 1989, the plaintiff requested that the defendant provide him with an accounting of the Datatran account. The defendant refused to do so. Thereafter, the plaintiff filed this complaint seeking damages in the amount of money negligently paid by the defendant into the Datatran account.

The defendant, advancing two related arguments, moved to strike the plaintiff's complaint pursuant to

Practice Book § 152.[3] The defendant first argued that the plaintiff's complaint failed to state a claim upon which relief could be granted because it alleged a "wrong" to the corporation, and thus the plaintiff, without a right of action separate from that of the corporation, could maintain the action only in the name of the corporation or as a derivative action.[4] Second, the defendant asserted that the action could not proceed without joinder of the corporation as a necessary party whose "interest" in the action would be affected if judgment were rendered in its absence. The plaintiff opposed the motion on the ground that he had properly pleaded a cause of action under Practice Book § 190, the counterpart to § 52-118, by alleging that he

[3] "[Practice Book] Sec. 152. [MOTION TO STRIKE]——IN GENERAL

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.

"A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."

[4] The defendant's motion to strike simply stated that the plaintiff had "failed to state a claim upon which relief can be granted." Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was "fatally defective" under Practice Book § 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. See *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986). We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiff's failure to object to its form and the nonjurisdictional nature of § 154.

had purchased all of the assets of the corporation. The same allegation, the plaintiff claimed, demonstrated that the corporation had no interest in the action and thus need not be joined as a necessary party.

The court concluded that the corporation was a necessary party to the action and ordered the complaint stricken without considering its legal sufficiency under § 190. After declining to plead further, the plaintiff suffered a default judgment, from which he appealed to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023.

On appeal, the parties have briefed and argued the issues whether: (1) the court properly decided that the plaintiff's complaint should be stricken for failure to join the corporation as a necessary party; and (2) the court's decision can be affirmed on the alternate ground that the plaintiff's complaint failed to state a cause of action under § 52-118 and § 190. Both parties agreed at argument, however, that if we should find the plaintiff's complaint legally sufficient under § 52-118, the complaint would not be defective for failure to name the corporation as a party. Because we conclude that the plaintiff's complaint can reasonably be read to allege sufficient facts to state a cause of action under § 52-118, we do not consider whether the corporation was a necessary party to the action.

Section 52-118 provides: "The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name. Such a plaintiff shall allege in his complaint that he is the actual bona fide owner of the chose in action, and set forth when and how he acquired title." See Practice Book § 190.[5] The plaintiff argues that he has stated the requisite statutory cause of action in the fourth paragraph

[5] See footnote 2, supra.

of his complaint, in which it is alleged that "[t]he Plaintiff . . . is the successor in interest to all assets of [the corporation], by virtue of his purchase of all of the assets of the corporation on June 27, 1989." Notwithstanding this allegation, the defendant contends that the complaint properly was stricken because the plaintiff failed to allege facts in "strict compliance" with § 52-118. The defendant claims that such compliance is necessary because the applicable statutory cause of action is in derogation of the common law.[6] According to the defendant, a complaint in "strict compliance" with § 52-118 must contain allegations phrased in the precise terms of the statute. The defendant thus faults the plaintiff's complaint for its omission of allegations that the plaintiff was the "actual," "bona fide" "owner" "of the chose[s] in action" sued upon, and that the choses had been "assigned" to him by the corporation. The defendant also asserts that none of the facts alleged in the complaint otherwise show that the plaintiff was entitled to bring the action in his own name under the statute. We disagree with the defendant in both respects.

This court has long held that it is not essential to the sufficiency of a complaint alleging a statutory cause of action that the precise terms of the applicable statute "be either counted upon or recited."[7] *Leone* v. *Kelly*, 77 Conn. 569, 570, 60 A. 136 (1905); see *Dubreuil* v. *Waterman*, 84 Conn. 47, 51, 78 A. 721 (1911). "It is

---

[6] At common law, an assignee of a nonnegotiable chose in action could not maintain an action in his or her own name, but was required to bring the action in the name of the assignor. See *Lowndes* v. *City National Bank*, 79 Conn. 693, 696–97, 66 A. 514 (1907).

[7] Since the plaintiff's action was not "brought to recover a penalty given by statute"; *Griswold* v. *Gallup*, 22 Conn. 208, 212 (1852); but see *Leone* v. *Kelly*, 77 Conn. 569, 571, 60 A. 136 (1905); we express no opinion as to whether stricter pleading requirements would apply in such a case.

enough for [the plaintiff] to state such facts as, under the general law, of which courts will take judicial notice, entitle him to the redress he seeks." *Griswold* v. *Gallup,* 22 Conn. 208, 212 (1852); see *Senior* v. *Hope,* 156 Conn. 92, 97–98, 239 A.2d 486 (1968).[8] Consequently, a plaintiff asserting a cause of action as an assignee under § 52-118 need only "allege the facts necessary to bring himself within the terms of the statute"; *Tuckel* v. *Argraves,* 148 Conn. 355, 357, 170 A.2d 895 (1961); *Allen* v. *Lyness,* 81 Conn. 626, 627, 71 A. 936 (1909); thus apprising the court and the defending party of the assignment relied upon and showing the plaintiff's right to sue upon the chose in action acquired thereby. Accord *Leone* v. *Kelly,* supra; cf. *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.,* 217 Conn. 340, 345, 586 A.2d 567 (1991).

Furthermore, whether the plaintiff alleged the facts required to bring himself within § 52-118 must be determined with due regard to the principle that the facts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not expressly be alleged. *Ferryman* v. *Groton,* 212 Conn. 138, 146, 561 A.2d 432 (1989); *Senior* v. *Hope,* supra, 98; *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 103, 34 A. 714 (1895). If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action under § 52-118, the complaint is not vulnerable to a motion to strike. *Senior* v. *Hope,* supra; see *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980). Construing the plaintiff's complaint in the manner most favorable to sustaining its legal sufficiency; *Michaud* v. *Wawruck,* supra; we conclude that the facts expressly

---

[8] Unlike the defendant, we do not consider the dicta in *Textron, Inc.* v. *Wood,* 167 Conn. 334, 351, 355 A.2d 307 (1974); see also *Bennett* v. *Lathrop,* 71 Conn. 613, 616, 42 A. 634 (1899); to provide precedent for a contrary rule.

and impliedly pleaded therein are sufficient to support a cause of action under § 52-118.

The legal injury alleged in the plaintiff's complaint was the defendant's tortious interference with his asserted right to receive and retain money represented by checks payable to the corporation. Since the "commonest type of right subject to assignment is one for the payment of money"; 3 S. Williston, Contracts (3d Ed. Jaeger) § 412, p. 34; the plaintiff sued the defendant on a validly assignable chose in action. In addition, the plaintiff premised his claim to the money upon his alleged status as the corporation's "successor in interest" by reason of his purchase of all of its assets on June 27, 1989. A purchase is a recognized mode of assigning a chose in action, pursuant to which " 'the rights of the seller, as against the third party, pass to the purchaser. As between the seller, the purchaser, and the third party, an assignment is perfected upon the completion of the sale.' " Id., § 430, p. 171; see *Newman* v. *Gaul*, 102 Conn. 425, 428, 129 A. 221 (1925). The plaintiff's express averment that he had purchased "all" of the corporation's assets, moreover, implied that he had purchased all of its intangible personal property, necessarily including the choses in action underlying the plaintiff's complaint.

While the defendant correctly points out that the term "successor in interest" ordinarily refers to a corporation that "by a process of amalgamation, consolidation or duly authorized legal succession, has become invested with the rights and has assumed the burdens of [another] corporation"; *D.D.J. Electrical Contractors, Inc.* v. *Nanfito & Sons Builders, Inc.*, 40 Conn. Sup. 50, 52, 479 A.2d 1250 (1984); the clear import of that term when employed by an individual such as the plaintiff is: "One who follows another in ownership or control of property." Black's Law Dictionary; see

*Drazen Properties Limited Partnership* v. *E. F. Mahon, Inc.*, 19 Conn. App. 471, 475, 562 A.2d 1142 (1989). Succession by an assignee to exclusive ownership of all or part of the assignor's rights respecting the subject matter of the assignment, and a corresponding extinguishment of those rights in the assignor, is precisely the effect of a valid assignment. See S. Williston, supra, § 413; see generally 3 Restatement (Second), Contracts § 317; 4 A. Corbin, Contracts (1964) §§ 861, 891.

In sum, the plaintiff pleaded a dated transaction resulting in his acquisition of validly assignable choses in action, and vesting him with an ownership status equivalent to that obtained by an assignee pursuant to an effective assignment. If proven, therefore, the facts set forth in the plaintiff's complaint would have entitled him to sue the defendant in his own name as an assignee under § 52-118. The plaintiff thus framed his complaint in a manner legally sufficient to state a cause of action under the statute. Accordingly, the trial court should not have stricken the complaint.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other justices concurred.