[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas Merly, has filed motions to strike in each of the above three captioned actions, all of which present the same legal issue.[1]
The three cases involve separate loans by the plaintiff to the three named defendants, Luigi, Florindo, and Giovanni D'Arcangelo, who are brothers.[2]
In each case the three brothers, in addition to filing special defenses of usury, satisfaction and statute of limitations, also filed a counterclaim alleging that the plaintiff violated the provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The plaintiff has moved to strike the RICO counterclaims, Practice Book 152, for failure to state a claim upon which relief can be granted.[3]
The plaintiff contends that the RICO counterclaim is legally deficient because: (i) it fails to identify a criminal enterprise; (ii) the same individual, in this case the plaintiff, is claimed to be both the liable person and the "enterprise"; (iii) the counterclaim fails to assert that the enterprise's affairs were conducted through a pattern of racketeering activity; and (iv) the counterclaim fails to allege that a pattern of criminal activity was aimed at furthering the goals of the enterprise.
The counterclaim alleges that the plaintiff was in effect a "loan shark" and loaned money to the three defendants at 2% per week or 104% a year; that the plaintiff was affiliated in business with the late Thomas Debrizzi, a high figure in the Carlo Gambino organized criminal group; that the object of the plaintiff's activities was to violate this state's usury laws; and that the said Thomas Debrizzi "visited" the three brothers in order to intimidate them to pay the loans in question.
The counterclaim is based on 18 U.S.C. § 1962 (c), which provides that: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate directly, or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."
A motion to strike tests the legal sufficiency of, among other things, a counterclaim. Practice Book 152. The recent case of Bouchard v. People's Bank, 219 Conn. 465, 594 A.2d 1 (1991), discussed such a motion in some detail, particularly in the context of the alleged violation of a statute. The principles involved can be summarized as follows: (i) the issue is CT Page 393 whether sufficient facts have been pleaded to state a cause of action under a particular statute; (ii) the truth of the facts alleged is assumed, and the facts are construed "in the light most favorable to sustain the sufficiency of the complaint." Id., 467; (iii) it is not essential that "the precise terms of the applicable statute be either counted upon or recited." Id., 470; (iv) it is only required that the pleader "state such facts as, under the general law, of which courts will take judicial notice, entitle him to the redress he seeks." Id., 471; (v) the facts to be pleaded in order to state a cause of action include not only those expressly alleged, but also those facts "necessarily implied by the allegations in a complaint." Id., 471; and (vi) "if any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action under [a statute], the complaint is not vulnerable to a motion to strike." Bearing in mind these principals, it is my opinion that the amended counterclaims by the three defendants fairly allege a RICO claim in that they assert an attempted "collection of unlawful debt." The defendants allege that the plaintiff was associated with the Gambino crime family, that each defendant was engaged in interstate commerce, and that the notes called for usurious interest.
Since the counterclaims set forth facts, either explicitly or by implication, that bring them within the parameters of the civil RICO statute, the plaintiff's motion to strike should be and hereby is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 16th day of January, 1992.
WILLIAM B. LEWIS, JUDGE
[EDITORS' NOTE: THE THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 400