[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
Facts
The plaintiff, City Coal of New London, Inc. ("City Coal"), commenced this action against the defendants, Groton-Fieldside Associates Limited Partnership ("Groton-Fieldside"), Donnelly Management Co. and Carriage House Realty, Ltd. ("Carriage House"). The plaintiff alleges that the defendants failed to pay for heating oil and heating system maintenance service provided at the Groton-Fieldside apartment complex owned by Groton-Fieldside and managed by Donnelly Management Co. and Carriage House.
On April 19, 1993, the defendant Carriage House filed an answer, special defense and a three count counterclaim against the plaintiff. In its three count counterclaim, Carriage House alleges, respectively, vexatious litigation, breach of good CT Page 7863 faith and fair dealing, and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").
On May 10, 1994, the plaintiff filed a motion to strike Carriage House's counterclaim and an accompanying memorandum of law.
On June 2, 1994, Carriage House filed an objection to the plaintiff's motion to strike Carriage House's counterclaim on the procedural ground that the motion is untimely filed.
Discussion
A motion to strike is the proper vehicle by which to test the legal sufficiency of a counterclaim. Practice Book § 152(5). The motion to strike admits all facts well pleaded.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991).
Carriage House argues that the plaintiff's motion to strike is untimely filed for the following reasons: (1) the plaintiff's motion to strike was filed more than fifteen days after Carriage House filed its counterclaim, in violation of Practice Book § 114; and (2) because the present case is on the dormancy calendar, Practice Book § 251 dictates that the plaintiff's motion to strike is an improper pleading and therefore must be denied.
Practice Book § 251 provides, in pertinent part, as follows:
 If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders.
CT Page 7864
The present case was printed on the dormancy calendar on February 10, 1994. The plaintiff's motion to strike Carriage House's counterclaim was filed on May 10, 1994. Carriage House's motion for default for failure to plead was not filed until June 2, 1994. Because the plaintiff's motion to strike was filed before Carriage House filed its motion for default, Practice Book § 251 does not prevent the plaintiff's filing of a motion to strike.
Carriage House further argues that the plaintiff's motion to strike was filed more than fifteen days after Carriage House filed its counterclaim, in violation of Practice Book § 114. Because this case appeared on the dormancy calendar on February 10, 1994, the requirements under Practice Book § 114 are not applicable. Thus, Carriage House's objection to the plaintiff's filing of the motion to strike is overruled.
The court will hear the parties on the merits of the motion to strike upon the filing of the briefs and a claim for a hearing.
Hurley, J.