[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #135
On March 3, 1994, the plaintiff, James E. Menge, filed a third amended complaint, which has three counts, against the defendant, Lawrence F. Cafero, Jr. Count one alleges defamation and is explained in more detail below. Count two alleges interference with business relations and count three alleges a breach of fiduciary duty.
The complaint alleges the following facts. The plaintiff owned a one-third interest in Bayfield Resources, Inc., which employed the defendant as its attorney. The plaintiff's business concerned working with Licensing Executive Society, Inc. (LES). On or about September 18, 1992, the defendant published a letter to LES. This letter stated that the plaintiff "had engaged in the `intentional misappropriation of funds . . . in an amount in excess of $9,000.00.'" (Complaint, ¶ 4.) The plaintiff claimed that this statement constitutes libel per se.
On April 19, 1994, the defendant filed an answer and special defense. The special defense alleges that "[a]ny comments by the defendant were privileged."
On October 17, 1994, the plaintiff filed a motion to strike the special defense on the ground that the claim of privilege is "as a matter of law, inappropriate under the facts of the case." CT Page 170 The plaintiff also filed a memorandum of law in support of the motion.
On November 10, 1994, the defendant filed a memorandum in opposition to the motion to strike. On November 17, 1994, the plaintiff filed a reply memorandum.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The court must construe the facts in the complaint most favorably to the non-movant. Id. "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In his memorandum of law, the plaintiff argues that this court should strike the special defense because, as a matter of law, the claim of privilege does not apply to this case. The plaintiff claims that privilege has been recognized in only the following types of cases: judicial proceedings; Kelly v. Bonney, 221 Conn. 549,606 A.2d 693 (1992); quasi-judicial proceedings; Petyan v.Ellis, 200 Conn. 243, 510 A.2d 1337 (1986); and political campaigning; Charles Parker Co. v. Silver City Crystal Co.,142 Conn. 605, 116 A.2d 440 (1995). The plaintiff contends that because this case is not one of those three types, a claim of privilege is not appropriate.
In his memorandum in opposition, the defendant responds that privilege is appropriate. The defendant argues that the cases that the defendant cites do not stand for the proposition that privilege exists only in those three types of cases.
"Privilege is an affirmative defense in a defamation action and must, therefore, be specially pleaded by the defendant." MilesCT Page 171v. Perry, 11 Conn. App. 584, 594 n. 8, 529 A.2d 199 (1987). Connecticut recognizes two types of privilege: absolute privilege[1]
and conditional privilege.
"The essential elements [for a conditional privilege] are (1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only. See generally Charles Parker Co. v. Silver City Crystal Co.,142 Conn. 605, 615, 116 A.2d 440 (1955)." Miles v. Perry, supra,11 Conn. App. 595. "Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial
court to determine." (Emphasis added.) Bleich v. Ortiz, 196 Conn. 498,501, 493 A.2d 236 (1985).
This court cannot grant the plaintiff's motion to strike the special defense because the parties, through their pleadings, have not provided the court enough information to decide whether the defendant's claim of privilege is valid. See Bleich v. Ortiz, supra, 196 Conn. 498 (reversing trial court's granting directed verdict that the defendant had a conditional privilege); Miles v.Perry, supra, 11 Conn. App. 594-600 (ruling that the defendant did not prove at trial that he had a conditional privilege). This court will not decide whether the defendant's interest was worthy of protection until the parties present more facts to the trier of fact.
Accordingly, the motion to strike the defendant's special defense is denied.
KARAZIN, J.