[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This is an action for collection of over $106,000 in arrearages accrued from a multi-unit, residential complex formerly owned by the defendant, Windsor Deerfield, to which the plaintiffs supplied natural gas and gas services. Windsor Deerfield has brought a counterclaim[1] against the plaintiff alleging breach of contract and negligent misrepresentation. Windsor Deerfield has admitted in its counterclaim and in responses to the plaintiff's Request for Admissions that it has transferred the property in question to an entity known as Three Deer Associates, that the balance due to the plaintiff under Windsor Deerfield's account with the plaintiff is $106,537.86, and that Windsor Deerfield has assigned any and all causes of action against the plaintiff to Three Deer Associates.[2]
As a result of its admissions, Windsor Deerfield has effectively admitted that it has assigned its right to bring its counterclaim against Yankee Gas to Three Deer Associates. This has the effect of extinguishing Windsor Deerfield's right to bring such an action in its own name. Bouchard v. People's Bank,219 Conn. 465, 473 (1991). Windsor Deerfield can therefore no longer maintain its counterclaim in its own name.
Windsor Deerfield has also admitted that the amount of its debt to the plaintiff is $106,537.86. Because of its assignment of rights, as discussed above, it has no valid setoffs or counterclaims. Because the amount due from the defendant to the plaintiff is no longer in dispute and because the defendant has no legal right to assert a counterclaim or claim a setoff based upon such a counterclaim, the plaintiff is entitled to summary judgment as to liability on its complaint against the defendant Windsor Deerfield and on Windsor Deerfield's counterclaim.
The motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge