[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
On November 28, 1994, the plaintiff, Three Deer Associates Limited Partnership ["Three Deer"], filed a three count revised complaint alleging breach of contract, negligent misrepresentation and CUTPA violations against the defendant, Yankee Gas Service Company ["Yankee Gas"]. The defendant has moved to strike the plaintiff's revised complaint on the grounds that the breaches of the contract provisions alleged by the plaintiff to have been breached by the defendant are not a part of the Memorandum of Understanding between the parties, and that no damages have been alleged. The plaintiff has filed an objection to the motion to strike, and both parties have filed memoranda of law.
A motion to strike challenges the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts alleged in the complaint, and the facts are construed most favorably to the plaintiff. Id., 215. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
Although the defendant argues that no other agreements aside from the Memorandum of Understanding exist between the parties, the plaintiff has alleged facts which, taken as true, support its claim that the agreement between the parties is broader than the written Memorandum of Understanding. "Whether the written contract was actually the final repository of the oral agreements CT Page 4544 and dealings between the parties depends on their intention, evidence to which is sought in the conduct and language of the parties and the surrounding circumstances." Associated CatalogMerchandisers, Inc. v. Chagnon, 210 Conn. 734, 739, 557 A.2d 525
(1989). The issue of whether other agreements aside from the Memorandum of Understanding exist is not properly determined by a motion to strike. Indeed, the defendant seems to concede that the plaintiff has at least pleaded sufficient facts to support its allegations: "Notwithstanding the allegations of Three Deer,
Yankee Gas did not covenant to perform any of the obligations upon which it attempts to base its present breach of contract claim." (Emphasis added.) Memorandum in Support of Defendant's Motion to Strike, p. 7. The defendant argues that these facts are not true, but the court is limited to the facts in the complaint. Because the plaintiff has alleged sufficient facts to support a breach of contract claim the defendant's motion to strike count one is denied.
The defendant also argues that the plaintiff has not alleged that it suffered monetary damages. However, such allegations are made in Count One, paragraph 24, and counts Two and Three, paragraph 28. Three Deer is suing as the assignee of the preceding owner of the property and can make the claims that the assignor would have been able to make. "Succession by an assignee to exclusive ownership of all or part of the assignor's rights respecting the subject matter of the assignment, and a corresponding extinguishment of those rights in the assignor, is precisely the effect of a valid assignment." Bouchard v. People'sBank, 219 Conn. 465, 473, 594 A.2d 1 (1991). Three Deer has alleged that it suffered damages as a result of the breach, and that it will continue to suffer damages. Three Deer has also alleged that it suffered damages as a result of negligent misrepresentation.
Three Deer has alleged misrepresentations and breaches which, taken as true, support a CUTPA claim. An assignment of "all choses in action" does not necessarily alert the assignee to every specific problem that arises, nor does it prevent the assignee from its ability to maintain a CUTPA claim.
To satisfy the "ascertainable loss" requirement, a plaintiff need only prove that it has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from what it bargained for. Hinchcliffe v.American Motors Corp., 184 Conn. 607, 614-15, 440 A.2d 810
CT Page 4545 (1981). If the preceding owner could have established a CUTPA violation, then the plaintiff, as assignee, can do so as well. Additionally, the plaintiff has alleged that it was represented during the negotiation process, and that misrepresentations were made at that time. Therefore, as alleged in the complaint, it did not receive what it bargained for.
To the extent that the defendant is arguing that some of the facts alleged by the plaintiff are not true, that argument is not properly raised by a motion to strike. Because the plaintiff has alleged sufficient facts to support a claim for damages for breach of contract, negligent misrepresentation and CUTPA violations, the defendant's motion to strike counts one, two and three is denied.
Jonathan E. Silbert, Judge