[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 219)
CT Page 8898
On June 27, 1995, the plaintiffs filed a motion to strike the defendant's second special defense, which alleges that the statute of limitations bars the plaintiffs' second, fourth and sixth counts. The plaintiffs also filed a memorandum in support of the motion to strike. The motion to strike states that the court (Cocco, J.) previously ruled that the amended complaint relates back to the original complaint and therefore is not barred by the statute of limitations.
The defendant filed a memorandum in opposition arguing that its special defense is legally sufficient under the standard for a motion to strike.
"`Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'"Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1
(1991), quoting Practice Book § 152. "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachosv. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
Contrary to the plaintiff's assertions, neither Judge Cocco's ruling, denying the defendant's motion to strike the amended counts alleging strict liability under Connecticut General Statutes § 14-80h, or Judge Rush's overruling of defendant's objections to the amended complaint decided the basic issue presently before the court, i.e., whether the defendant's second special defense alleges facts which are legally sufficient on its face.
The court is not called upon, in this motion to strike, to decide the merits of the statute of limitations defense. That may well be raised by a motion for summary judgment.
Therefore, in accordance with the standard to be applied in a motion to strike, the court here must construe the facts alleged in the second special defense in favor of the defendant. In doing so, it must then necessarily conclude that such facts, if proven, CT Page 8899 would constitute a viable defense to the plaintiff's cause of action.
Consequently, the court finds that the defendant's second special defense, as plead, is legally sufficient, and the motion strike (docket entry 219) is denied accordingly.
BY THE COURT
MAIOCCO, J.