[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 23, 1995, the plaintiff, Carol H. Stewart (Stewart), filed a six count amended complaint against the defendant, William Raveis Real Estate, Inc. (Raveis). According to the facts alleged in the complaint, Raveis is a Connecticut corporation licensed to do business in this state. Stewart was employed by Raveis as a sales agent through March 2, 1994, pursuant to an employment contract. For the period between January 23, 1992 and March 2, 1994, Stewart performed services in her capacity as a sales agent in furtherance of the sale of certain property in Guilford, Connecticut. Title to the property passed on August 30, 1994, after Stewart left Raveis' employ.
Count one of the complaint alleges that Stewart is entitled to a $21,437.50 commission from the sale of the property under the terms of her employment contract and in accordance with the policies and procedures of Raveis. Count two alleges that Raveis has been unjustly enriched. Count three incorporates the allegations of count one and further alleges that the reasonable value of the services performed by Stewart is $21,437.50 Count four alleges a violation of General Statutes §§ 31-71a to 31-71i, regarding payment of wages. Count five alleges a violation of General Statutes § 31-73, regarding refund of wages for furnishing employment. Count six alleges a violation of General Statutes §42-110a et seq., the Connecticut Unfair Trade Practices Act.
On July 7, 1995, Raveis filed a motion to strike count six and a memorandum in support thereof. Raveis moves to strike count six on the ground that it is legally insufficient First, Raveis argues that the complaint alleges a single instance of misconduct which is insufficient to state a claim under CUTPA. Secondly, Raveis argues that, although Stewart alleges she was an independent contractor, she was an employee of Raveis for purposes of her claim under § 31-71a, and CUTPA does not apply to the employer-employee relationship.[1] Stewart has not filed a memorandum in opposition to the motion to strike.
The motion to strike challenges the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, 224 Conn. 210,618 A.2d 25 (1992); Practice Book § 152. The motion may properly contest one or more counts of a complaint. Quimby v.CT Page 9509Kimberly Clark Corp., 28 Conn. App. 660, 669, 613 A.2d 838 (1992). In ruling on a motion to strike, the court will construe the plaintiff's complaint "in the manner most favorable to sustaining its legal sufficiency. . . ." Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 1 (1991). No responsive pleading to a motion to strike is required by the opposing party. Greater Hartford CATV vBoulay, 7 Conn. L Trib., No 9, p. 17, 18 (Super.Ct., March 2, 1981, O'Connell, J.) (stating that "the motion to strike was complete in itself and required no responsive pleading.").
The present action is similar to Tianti v. William Raveis RealEstate, Inc., 231 Conn. 690, ___ A.2d ___ (1995). In that action, the commissioner of the labor department brought an action on behalf of two real estate salespersons for nonpayment of wages pursuant to General Statutes § 31-72. Id. The defendant argued to the trial court that the claimants were not employees, but rather were independent contractors, and therefore not within the purview of § 31-72. Id., 694. The court held that "a real estate sales-person, engaged by a real-estate brokerage firm doing business as a corporation and compensated by commission," is an employee under § 31-71a(1). Id., 696.
In counts four and five, Stewart alleges that she was an employee of Raveis for purposes of § 31-71, et seq. In an apparent effort to maintain a cause of action under CUTPA, however, Stewart alleges in count six that she was an independent contractor.[2] In light of the court's ruling in Tianti, Stewart is an employee of Raveis and therefore count six is legally insufficient and is therefore stricken.
Howard F. Zoarski, Judge