[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COURY'S MOTION TO STRIKE
Plaintiff has alleged a CUTPA claim against an attorney who represented her opponent in a prior action.
This case arises out of an earlier action in which the current plaintiff, Attorney Nancy Burton, was a defendant. Herein, on December 26, 1995, the plaintiff filed a substitute complaint which alleges four counts against the defendant, Attorney Elie Coury. The fourth count alleges that the defendant instituted and prosecuted the prior action against the plaintiff "without probable cause and with a malicious intent unjustly to vex and trouble" her.[1] It is further alleged that Coury initiated the previous litigation to interfere with the plaintiff's practice of law, and, as an entrepreneur, to promote and enhance his trade or business, and to eliminate the plaintiff as a business competitor,[2] in purported violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant moves to strike the CUTPA count on the ground that the plaintiff may not assert a CUTPA claim against an attorney who represented the opposing party in a prior action.
A motion to strike may be used to test the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Faulkner v. United Technologies Corporation, 240 Conn. 576,580, 693 A.2d 293 (1997). When considering a motion to strike, the court must accept as true all facts that are well pleaded and construe the complaint in the light most favorable to the nonmoving party. Sassone v.Lepore, 226 Conn. 773, 779-80, 629 A.2d 357 (1993). The trial court must take the facts to be those alleged in the complaint and cannot consider any facts not therein alleged. Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348-49, 576 A.2d 149 (1990). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must be denied. Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991).
The Connecticut Supreme Court has held that one may not sue his former opponent's attorney for alleged CUTPA violations. CT Page 1267Jackson v. R.G. Whipple Inc., 225 Conn. 705, 727, 627 A.2d 374
(1993). "Providing a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Id.
The plaintiff asserts that her CUTPA claim is sufficient because it is alleged that Coury engaged in "entrepreneurial" conduct. In support of her contention, the plaintiff cites LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 496 n. 19,656 A.2d 1009 (1995). In that case, the court's footnote stated, in dicta, that "the entrepreneurial aspects of the practice of law, such as attorney advertising, remain well within the scope of CUTPA." Id. This court, however, does not believe that the Larsen court intended to limit the holding of Jackson;[3] rather, it merely sought to maintain the viability of Heslin v. Connecticut LawClinic, 190 Conn. 510, 461 A.2d 938 (1983), in which the court held that "CUTPA's regulation of `the conduct of any trade or commerce' does not totally exclude all conduct of the profession of law." Id., 521[4] See, also, Field v. Kearns,43 Conn. App. 265, 279, 682 A.2d 148 (1996).
Defendant Coury's motion to strike is granted.
Nadeau, J.