[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
"Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion is "fatally defective" under Practice Book § 154 [now Practice Book (1998 Rev.) § 10-41] notwithstanding the defendant's inclusion of such reasons in its supporting memorandum . . ." (Citation omitted.) Bouchard v.People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). The Town of Hamden's (Hamden) motion to strike merely states, "Pursuant to Practice Book Section 10-39, defendant Town of Hamden moves to strike the second count of the complaint for the reason that it fails to state a cause of action against the defendant . . ." Pallotto objects to the form of Hamden's motion to strike and contends that the motion should fail, because the motion merely sets forth a general statement. See Wright v.CT Page 11861Hutt, Superior Court, judicial district of Middlesex at Middletown, Docket No. 066264 (February 27, 1996, Stanley, J.), aff'd on other grounds, 50 Conn. App. 439, ___ A.2d ___ (1998) ("[w]here the opposing party files an objection to the form of a motion to strike, the court may not waive compliance with Practice Book § 154 [now Practice Book (1998 Rev.) § 10-41]"). Hamden does not give any distinct reasons for the claimed deficiency and merely cites three cases which involve actions pursuant to General Statutes § 13a-149, but do not involve the issue of the legal sufficiency of a § 13a-149 claim. Therefore, Hamden's motion to strike is fatally defective and, accordingly, the defendant's motion to strike is denied.
Howard F. Zoarski Judge Trial Referee