[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUPPLEMENTAL JUDGMENT
Following a foreclosure by sale in the above-captioned foreclosure action, a balance of $39,438.78 remains on deposit with the clerk. The defendants, State of Connecticut, Department of Revenue Services, and A.W. Beard, have now each filed motions for supplemental judgment seeking distribution of the remaining funds.
The Department of Revenue Services claims the remaining funds as a result of two tax liens. The first lien is dated January 29, 1975 and recorded February 4, 1975. The second lien is dated February 28, 1975 and recorded March 5, 1975.
The defendant A.W. Beard claims he is entitled to the remaining funds since he is the possessor of a mortgage note dating back to June 2, 1966. Said mortgage was held by Shelton Savings Bank until March 14, 1980, when A.W. Beard paid off the mortgage in full and assigned it to his trustee, Daniel Skuret.
A valid assignment transfers to the assignee exclusive ownership of all of the assignor's rights to the subject assigned and extinguishes all of those rights in the assignor. Bouchard v.People's Bank, 219 Conn. 465, 473, 594 A.2d 1 (1991). As such, it would appear that Daniel Skuret, trustee, has priority over the Department of Revenue Service to any funds still in possession of the clerk.
The fact remains, however, that Daniel Skuret, trustee, remains as assignee of the note. While Daniel Skuret has withdrawn his appearance as attorney for the defendant Beard in the present case, neither Skuret's withdrawal nor any other pleading the court can find seeks the removal or substitution of Skuret as trustee. While the defendant A.W. Beard's motion for supplemental judgment asks that the remaining funds be placed in the hands of attorney Ralph Crozier as trustee, the court is reluctant to do so as there are questions regarding the status of Daniel Skuret as trustee.
The court finds the defendant A.W. Beard's motion for supplemental judgment untimely and, therefore, denies the motion for supplemental judgment without prejudice.
THE COURT CURRAN, J.