[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff has sufficiently pled a sustainable cause of action. First, the defendant has failed to enumerate the grounds for granting its motion to strike in the motion itself. SeeBouchard v. People's Bank, 219 Conn. 465, 594 A.2d 1 (1991) (finding a motion to strike fatally defective, pursuant to Practice Book § 10-41, where the defendant has failed to give the distinct reason or reasons for the claimed insufficiency of the plaintiffs complaint in its motion). Moreover, although this court has deduced that this is a motion to strike counts one, five and six of the plaintiff's complaint as to the defendant Ms. Jessica Lopez, the defendant's memorandum in support of its motion to strike does not clearly enumerate which counts of the complaint should be stricken. Second, the motion to strike was improperly filed without court permission because this case was on the dormancy calendar. See Practice Book § 14-3(b). Third, the plaintiff has alleged sufficient facts against the defendant personally to sustain a cause of action for piercing the corporate veil. See Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 526 A.2d 550 (1987) (finding that the determination of whether to disregard the corporate fiction presents a question of fact and invokes the court's equitable powers). Fourth, it is the practice of courts in Connecticut to construe pleadings liberally in favor of the plaintiff. See Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). As to the breach of contract claim, the plaintiff has alleged sufficient facts inasmuch as there is an alleged contract and note which one of the parties, here the defendant, has allegedly breached. As to the CUTPA claim, sufficient facts have been alleged inasmuch as the defendant has become an employee of Rite Aid, taking interalia, customer lists with her, in alleged violation of the note and financing statement.
See Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 492-94,656 A.2d 1009 (1995) (construing CUTPA broadly to apply to a wide spectrum of commercial activity). As to the covenant of good CT Page 12023 faith and fair dealing, the plaintiff has alleged sufficient facts inasmuch as the defendant did not live up to the reasonable expectations of the plaintiff in fulfilling the terms of the contract and note. See Magnan v Anaconda Industries, Inc.,193 Conn. 558, 566-67, 479 A.2d 781 (1984) (finding that breach of the covenant of good faith and fair dealing applies to performance of contractual terms and the reasonable expectations of the parties).
Accordingly, the defendant's motion to strike is denied.
D'ANDREA, J.