[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
The plaintiffs[1] filed an amended complaint on August 14, 2000 alleging products liability and negligence claims against the defendants[2]. The plaintiffs allege that the asbestos and asbestos related products manufactured, sold and distributed by the defendants caused the injuries, illnesses and disabilities of the plaintiffs. CT Page 13917
G.A.F. Corporation (G.A.F.) filed an answer and special defenses in response to the plaintiffs' allegations. The first, ninth, and forty-second special defenses allege that the plaintiffs are guilty of contributory or comparative negligence. The second special defense alleges that the plaintiffs assumed the risk of injury. The eleventh special defense alleges that an award of punitive damages is unconstitutional. The twenty-second special defense alleges that the workers' compensation laws bar recovery by the plaintiffs. The twenty-ninth special defense alleges that there is no privity of contract between G.A.F. and the plaintiffs.
The plaintiffs filed a motion to strike G.A.F.'s first, second, ninth, eleventh, twenty-second, twenty-ninth, and forty-second special defenses on September 15, 2000, on the ground that they fail to state a claim upon which relief may be granted. As required by Practice Book § 10-42, the plaintiff has filed a memorandum in support of its motion to strike. G.A.F. did not file a memorandum in opposition as required by Practice Book § 10-42.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997).
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-355, 659 A.2d 172 (1995). The trial court is "obligated to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
In the present case, the plaintiffs failed to specify the reasons for the claimed insufficiency in the motion to strike as required by Practice Book § 10-41. The court, however, may still consider the plaintiffs' motion "in the form presented to the trial court due to the [defendant's] failure to object to its form and the nonjurisdictional nature of § [10-41 (formerly § 154)]." Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991).
G.A.F. did not file an opposing memorandum in response to the plaintiffs' motion to strike. "Although the failure to timely file an CT Page 13918 opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion . . . the filing of a memorandum in opposition to a motion to strike is mandatory and failure to file such may serve as a ground for granting a motion to strike." (Citation omitted; internal quotation marks omitted.) Corbin v. ArcadiaFinancial, Ltd., Superior Court, judicial district of Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.). "The court has discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book [§ 10-42]. . . ." Corbin v.Arcadia Financial, Ltd., supra, Superior Court, Docket No. 151811. The court addresses the merits of the motion to strike because the plaintiffs did not file an objection to G.A.F.'s failure to file an opposing memorandum.
The plaintiffs argue that the first, ninth, and forty-second special defenses improperly set forth the law of contributory or comparative responsibility as a defense to a product liability action. General Statute § 52-572o provides that "the comparative responsibility of, or attributed to, the claimant, shall not bar recovery but shall diminish the award of compensatory damages proportionately, according to the measure of responsibility attributed to the claimant." "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); see also Practice Book § 10-50 ([f]acts which are consistent with [the plaintiff's] statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged)." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999). G.A.F. has failed to allege facts that demonstrate the plaintiff has no cause of action because "the negligence of the plaintiff can diminish, but does not bar, the recovery of damages. Accordingly, comparative negligence cannot be specially [plead] in a product liability action because this special defense does not demonstrate that the plaintiff has no cause of action." (Citations omitted; internal quotation marks omitted.) Khongdy v. Die-Quip Corp., Superior Court, judicial district of New Haven at Meriden, Docket No. 244695 (May 20, 1996, Silbert, J.) (17 Conn.L.Rptr. 127, 128).
G.A.F.'s first, ninth, and forty-second special defenses is stricken because the defense of comparative or contributory negligence in a product liability case fails to demonstrate that the plaintiffs have no cause of action.
The plaintiffs argue that G.A.F.'s second special defense are stricken CT Page 13919 because it improperly alleges the law of assumption of the risk as a defense in a product liability case. General Statute § 52-572h(1) provides that "the legal doctrines of last clear chance and assumption of the risk in actions to which this section is applicable are abolished." The plaintiffs have incorrectly asserted that § 52-572h(1) applies to product liability actions. Section 52-572h(1) abolishes assumption of the risk in negligence actions, not product liability cases. "While assumption of the risk has been abolished as a defense to actions in negligence there is no equivalent prohibition in General Statute 52-572l, [52-572l]." Sylvain v. Madison's, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 449656 (November 10, 1992, Berger J.).
The Connecticut Supreme Court held that General Statute § 52-572l, [52-572l], "eliminated contributory negligence as a defense to products liability actions, while expressly allowing the defenses of misuse of the product and knowingly using the product in a defective condition". Norrie v. HeilCo., 203 Conn. 594, 600, 525 A.2d 1332 (1987). The court states that the defense of knowingly using the product in a defective condition "is narrower than the common-law defense of assumption of the risk, which bars recovery when a person knows or as a reasonable person should know
that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable person to comprehend the nature and extent of the risk and voluntarily subjects himself to it . . . In other words, the risk must be assumed knowingly and voluntarily. Mere negligence will not be sufficient for recovery." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 600. G.A.F.'s second special defense, however, does not properly allege facts that show plaintiffs knowingly and voluntarily used a defective product. The second special defense only alleges that "the plaintiffs assumed the risk of any injuries or damages alleged in the complaint." Therefore, G.A.F.'s second special defense is stricken because it fails to allege sufficient facts showing the plaintiffs have no cause of action.
The plaintiffs argue that the eleventh special defense misstates the law of damages in the state of Connecticut with respect to punitive damages. The eleventh special defense alleges that "an award of punitive damages would violate the [c]onstitution of the United States including, but not limited to, the due process and equal protection clauses of the [f]ourteenth [a]mendment, the excessive fines clause of the [e]ighth [a]mendment, and the double jeopardy clause of the [f]ifth [a]mendment as applied to the states through the [f]ourteenth [a]mendment and the applicable provisions of the [c]onstitution of this [s]tate." CT Page 13920
The plaintiffs correctly assert that Connecticut does allow punitive damages in product liability actions. General Statute § 52-240
provides that "punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." Additionally, the Connecticut Supreme Court has stated that "[u]ntil it is demonstrated to the contrary, we believe that our courts, both appellate and trial, have reasonable means, that, if properly employed, will serve to utilize punitive damages where needed. . . . Moreover, while not involved in this case, we note that General Statutes 52-240b, which concerns punitive damages in product liability actions, provides that punitive damages `maybe awarded' if proven under that statute and, if the trier of fact determines that such damages are to be awarded, then "the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff.' This statute requires that the court determine the amount within the limits prescribed therein." Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 562, 562 A.2d 1100 (1989). Based on the statute and the case law punitive damages are allowed in product liability cases in Connecticut.
Furthermore, according to the United States Supreme Court "every state and federal court . . . has ruled that the common law method for assessing punitive damages does not in itself violate due process . . . In view of this consistent history, we cannot say that the common law method for assessing punitive damages is so inherently unfair as to deny due process and be per se unconstitutional." (Citation omitted; emphasis in original.) Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1,17, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). Therefore, G.A.F.'s claim in the eleventh special defense that punitive damages are unconstitutional is without merit and fails to show that the plaintiffs have no cause of action. G.A.F.'s eleventh special defense is stricken because it fails to show that the plaintiffs have no cause of action.
The plaintiffs argue that the twenty-second special defense misstates the law of Connecticut with respect to workers' compensation. The twenty-second special defense alleges that "[t]he [p]laintiffs' claims are barred or limited by application of [w]orker's [c]ompensation [l]aw." The plaintiffs have workers' compensation claims under both the Connecticut Workers' Compensation Act and the Longshore and Harbor Workers' Compensation Act. General Statute § 31-293(a) provides "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall CT Page 13921 not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." Based on the statute, receipt of workers' compensation does not bar recovery by the plaintiffs.
The Longshore and Harbor Workers' Compensation Act provides that "if on account of a disability or death for which compensation is payable under this Act, the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages he need not elect whether to receive such compensation or to recover damages against such third person." 33 U.S.C. § 933(a). The United States Supreme Court has found that "Section 33 of the Longshore and Harbor Workers' Compensation Act (LHWCA or Act),44 Stat. 1424, as amended, 33 U.S.C. § 933, gives the `person entitled to compensation' two avenues of recovery: Such a person may seek to recover damages from the third parties ultimately at fault for any injuries and still recover compensation under the Act from the covered worker's employer as long as the worker's employer gives its approval before the person settles with any of the third party tortfeasors." IngallsShipbuilding v. Director, Office of Workers' Compensation Programs,519 U.S. 248, 251, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997). Therefore, the plaintiff's claims are not barred by the application of this act.
The twenty-second special defense fails to demonstrate that plaintiffs have no cause of action because the workers' compensation law applicable in the present case does not bar recovery by the plaintiffs. G.A.F.'s twenty-second special defense is stricken because it fails to show that the plaintiffs have no cause of action.
The plaintiffs argue that G.A.F.'s twenty-ninth special defense should be stricken because privity of contract is not necessary in a products liability case. The twenty-ninth special defense alleges "[t]here was no privity of contract between [a]nswering [d]efendant and [p]laintiffs." General Statute § 52-572n(b) provides that "a claim may be asserted successfully under said sections notwithstanding the claimant did not buy the product from or enter into any contractual relationship with the product seller." The twenty-ninth special defense fails to allege facts that demonstrate the plaintiffs have no cause of action because privity of contract is not required in a product liability case. G.A.F.'s twenty-ninth special defense is stricken because it fails to show that plaintiffs have no cause of action. CT Page 13922
For the foregoing reasons, the plaintiffs' motion to strike special defenses one, two, nine, eleven, twenty-two, twenty-nine, and forty-two is granted.
JOHN W. MORAN, JUDGE