[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#103)
In deciding a motion to strike the court must read the complaint in the light most favorable to the plaintiff. If any facts provable under the express and implied allegations of the complaint support a cause of action, here, for mandamus, the complaint is not vulnerable to a motion to strike. Bouchard v. People's Bank, 219 Conn. 465, 471 (1991).
 I. FACIAL VALIDITY
What the plaintiff must ultimately prove to prevail is black letter law. Golden Hill Paugussett Tribe of Indians v. Weicker, 51 Conn. App. 552,555 (1999). What is not so clear is precisely what the plaintiff must plead. This court can find no case law suggesting any talismanic language to establish the necessary elements for mandamus relief. The defendants provide no such law. The cases cited by the defendants do not raise issues about the facial validity of any complaint. They are appeals from final judgments after trial in which the reviewing court assessed the plaintiffs' proof.
It seems to this court that the defendants prematurely argue matters of proof. The plaintiff has pled a contract under which she alleges she could not be unilaterally terminated by the defendants who were parties to that contract and that she has no other remedy for reinstatement. If such is proven, a ministerial voiding of that termination may be all that is CT Page 15941-ll required. The court does not reach this issue.
Where an ouster is void mandamus may restore the illegally ousted person.Bahramian v. Papandrea, 184 Conn. 1 (1981).
A contract has been pled. The defendants argue that at best its terms are ambiguous, if it exists at all. Its existence, terms, rights, obligations and the intent of the parties where there is ambiguity, are issues of fact beyond the scope of this motion. While a court may construe a contract term in a mandamus action it should not do so on a motion to strike where evidence outside the record is required.
Whether the plaintiff has a clear legal right to reinstatement and whether in view of the alleged improper unilateral termination there is a clear legal obligation for reinstatement, are fact bound issues beyond the scope of this motion. This is particularly so where equity is a factor in the ultimate determination of whether mandamus will lie.Hennessey v. Bridgeport, 213 Conn. 656, 659 (1999). Equitable issues are beyond the scope of a motion to strike.
The defendants' reliance upon Place v. City of Waterbury,66 Conn. App. 219 (2001) is misplaced both factually and legally. The issue here is not whether the plaintiff is a city employee for pension funding purposes but whether or not pursuant to a contract to which the defendants are alleged to be a party, they had the right to unilaterally fire the plaintiff.
 II. NECESSARY PARTIES
Under Bahramian v. Papandrea, supra, an action only against the official responsible for termination may lie even where that official is not the plaintiff's employer.
Whether or not such reinstatement is only a ministerial duty is an issue beyond the scope of this motion.
Motion denied in all respects.
Licari, J.