[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #146
This is a medical malpractice action brought by the executor of the estate of Peter Haskos against a number of health care providers alleging that the death of the decedent arose from the negligence of the defendants in the interpretation of certain radiographic studies. The plaintiff Angie Haskos has also made a claim for loss of consortium.
The defendants, Richard A. Knobelman, M.D. and William N. Friedman, M.D. have moved to strike counts four, five, ten and eleven of the plaintiff's complaint. Counts four and five allege negligence on the part of Knobelman and Friedman proximately causing the death of the decedent. Counts ten and eleven allege what is commonly referred to as the loss of chance doctrine.
As to counts four and five, the defendants allege that they are legally insufficient as they were not brought pursuant to Connecticut's wrongful death statute, Connecticut General Statutes § 52-555. The plaintiff argues, on the other hand, that these counts have indeed been brought pursuant to § 52-555 and that the plaintiff has simply not specifically alleged the statutory authority for bringing this action.
Thus as to counts four and five, the issue is whether the failure of the plaintiff to specifically plead that this action is brought pursuant to § 52-555 is fatal, requiring that the motion to strike be granted. It is the opinion of the court that failure to plead the statute is not fatal and thus counts four and five are not subject to being stricken for that reason.
Clearly, the plaintiff on the facts alleged is entitled to bring this action on behalf of the decedent's estate pursuant to § 52-555. The defendants argue that C.P.B. § 10-3 requires that when any claim in a complaint is grounded on a statute, the statute shall be specifically identified by its number. Even if § 10-3 contemplated the situation CT Page 3408 at hand where the action is based upon a statute authorizing its maintenance, the fact that the statute is not specifically identified does not necessarily mean that the claim is subject to a motion to strike.
In Bouchard v. People's Bank, 219 Conn. 465 (1991), the plaintiff purchased the assets of a corporation of which he had been an officer. He then sued the defendant bank to recover sums representing checks that were paid to a third party but were payable to the corporation. The issue presented was whether the plaintiff's claim could survive where he had pleaded facts sufficient to state a cause of action under General Statutes § 52-118 (action by an assignee of chose in action) but had not specifically pled the statute. The court held that it was sufficient that the plaintiff alleged facts which if proven would have entitled him to sue in his own name as an assignee under § 52-118. Bouchard at p. 473.
Also in Spears v. Garcia, 66 Conn. App. 669 (2001), the appellate court held that § 10-3 was directory and not mandatory and that failure of the plaintiff to plead General Statutes § 52-557n as abrogating governmental immunity was not fatal to the complaint where that statute was relied on in the plaintiff's brief and the defendant was fairly appraised of such reliance.
In this case the plaintiff has alleged facts which if proven would entitle him to sue the defendants pursuant to § 52-555 and therefore the motion to strike the fourth and fifth counts must be denied.
As to the tenth and eleventh counts, the defendants make the additional argument that since § 52-555 is the exclusive remedy for injuries resulting in death, the loss of chance doctrine is not available in a death action.
In Borkowski v. Sacheti, 43 Conn. App. 294 (1996), the Appellate Court recognized the loss of chance doctrine in a case involving a claim of wrongful death. The defendants argue, however, that Borkowski dealt only with the issue as to whether the loss of chance doctrine was recognized in Connecticut and not whether it was a viable cause of action in a case such as this.
However, as Judge Peck pointed out in Torres v. American MedicalResponse, 2001 Conn. Super. LEXIS 2580 (2001), a loss of chance claim does not seek damages for death but rather for the decreased chance for successful treatment.
While the value of this decedent's life in the traditional sense may be CT Page 3409 relevant to the measure of damages, the actual damages claimed are not for the death itself but rather for the decreased chance of survival due to the alleged negligence of the defendants.
In the court's view counts ten and eleven state a recognized cause of action for loss of chance as enunciated in Borkowski.
The motion to strike is therefore denied.
By the Court,
Bruce W. Thompson, Judge