[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11562
I. Factual and Procedural History
Fleet Bank, N.A. ("Fleet") brings this declaratory judgment action seeking a determination of whether the defendant Ilse Beer Schapira ("Schapira") is entitled, pursuant to General Statutes § 45a-731, to income from a testamentary trust created by Leonard O. Smith. This action arises out of the creation of a testamentary trust by Leonard O. Smith for the benefit of his wife and two daughters, Eloise Smith Beer ("Beer") and Eva Virginia Smith.[1] Article fourteen[2] of that will provides that the net income of the trust be paid in equal shares to Smith's wife and his daughters during their natural lives. Upon the death of one or more beneficiaries, the trust income will be divided among the remaining beneficiaries, or the deceased beneficiary's issue, if any, per stirpes. Upon the death of the last surviving daughter, the principle of the trust, and any residual income, is to pass to the testator's heirs-at-law pursuant to the statutes of the state of Connecticut.
Subsequent to the execution of the Smith will on April 13, 1921, Beer began to receive income from the above-mentioned testamentary trust. In 1956, Beer adopted Ilse Beer Schapira. In 1979, Beer died. Schapira brought an action against the trustee claiming an interest in the trust income on the ground that § 45-64a provided that adopted children are to be considered "issue" for purposes of inheritance. The Superior Court, Schaller, J., ruled that Schapira was not entitled to the trust income, refused to apply General Statutes § 45-64a retroactively to wills executed prior to October 1, 1959, and held the "stranger to the adoption" rule remained in effect for wills executed prior to said date. Schapira v. The ConnecticutBank and Trust Co., Superior Court, judicial district of New London, Docket No. 711396 (October 12, 1984, Schaller, J.) aff'dSchapira v. Connecticut Bank Trust Co., 204 Conn. 450,528 A.2d 367 (1987) (Holding that "[i]n the absence of compelling argument or authority to the contrary, we continue to adhere to the rule . . . that the interpretation of irrevocable trusts executed prior to October 1, 1989, is governed by the legislative decision against retroactivity contained in 45-64a. Even if we were to agree with the plaintiff that the "stranger to the adoption" doctrine is outmoded, as most commentators now maintain . . . we would remain bound by the legislative policy dictating an orderly transition to a more hospitable view of CT Page 11563 adoption.").
In 1991, the Connecticut legislature enacted Public Acts 91-83 ("91-83"), which provided that adopted children inherit the same as natural children regardless of when the will or trust was executed. Public Acts 1991, No. 91-83. The Act created two exceptions to this general rule: (1) an adopted child will not take if a contrary intention is manifest by the testator by clear and convincing evidence; or (2) if there is a distribution of the estate or under the will or under the inter vivos instrument pursuant to court order entered prior to October 1, 1991.
As a result of 91-83, Beer reasserted her claim to the right to receive Beer's share of the trust income. Fleet brought this present declaratory judgment action to determine the effect of 91-83 on the rights of the respective parties.
Defendants Jacobson and Miner[3] have filed identical answers and special defenses. The first special defense asserts that General Statutes § 45a-731 (6) prohibits Schapira from receiving trust income since the subsection precludes adopted children from inheriting from their biological parents or their parents' relatives. Beer's husband, Sanal Beer, is Schapira's uncle. Thus, Schapira is proscribed by statute from inheriting from Beer by virtue of Beer's marriage to Sanal Beer. The second special defense asserts that General Statutes § 45a-731 is not applicable to Schapira since Smith's will was distributed pursuant to court order prior to October 1, 1991. The third special defense states that General Statutes § 45a-731 (4) is not applicable to the instant action because the testator intended a result contrary to the provisions of said subsection. The fourth special defense asserts that the instant action is barred by res judicata and/or collateral estoppel.
On June 27, 1997, Schapira moved to strike the defendants' first, second, and fourth special defenses. On August 22, 1997, the defendants filed objections to Schapira's Motion to Strike. On September 2, 1997, Schapira filed a memorandum of law in reply to the defendants objections to the motion to strike. On September 5, 1997, the court, Handy, J., heard oral argument on Schapira's motion to strike the defendants special defenses. All parties were present and had an opportunity to be fully heard.
II. Motion to Strike, Generally CT Page 11564
A motion to strike is the proper method to contest the legal sufficiency of a special defense. Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). In ruling on a motion to strike a special defense, the court takes those facts alleged in the special defense and construes them in a manner most favorable to sustaining its legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
III. Discussion
A. First Special Defense
In their first special defense, the defendants assert that since Schapira is related by blood to Sanal Beer, General Statutes § 45a-731 (6)[4] prohibits her from receiving Beer's share of the trust income.[5] "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-473, 604 A.2d 814 (1992). "Practice Book § 164 establishes the limits of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he [sic] has no cause of action, must be specially pleaded . . . ." Practice Book § 164.
Though not raised by opposing counsel as a ground for striking the special defense, this court sua sponte concludes that the defendants' first special defense is not viable. This is a declaratory judgment action to determine whether, pursuant to § 45a-731, Schapira, as an adopted child, is entitled to trust income under the terms of the will. The gravamen of the defendants' special defense is that, pursuant to the plain language of the statute, she is not so entitled. The court grants Schapira's motion to strike on the ground that a simple denial is sufficient to protect the interests of the defendants.[6]
B. Second Special Defense
The defendants' second special defense asserts that Schapira is not entitled to trust income since "distribution of the estate has been . . . made . . . pursuant to court order prior to October 1, 1991." General Statutes § 45a-731 (11). General CT Page 11565 Statutes § 45a-731 (11) provides in pertinent part: "[t]he provisions of subdivision (1) to (9), inclusive, of this section shall apply to the estate or wills of persons dying prior to October 1, 1959 . . . unless . . . (B) distribution of the estate or under the will . . . has been or will be made pursuant to court order entered prior to October 1, 1991." General Statutes § 45a-731 (11). The defendants assert that the interim accounting at issue in the 1984 proceeding qualifies as a "distribution pursuant to court order."
Neither party has directed this court's attention to case law or statute defining the operative terms in section 11. The defendants' argue that the facts as alleged in the complaint bring this case within the second exception in section 11. This court concludes that the defendants' special defense has stated facts sufficient to implicate the second exception in section 11 of General Statutes § 45a-731. Schapira's motion to strike the second special defense is denied.
C. Fourth Special Defense
In their fourth special defense the defendants assert that res judicata and/or collateral estoppel precludes Schapira from asserting her right to receive Beer's portion of the trust income. "Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action . . . . [C]ollateral estoppel precludes a party from relitigation issues and facts actually and necessarily determined in an earlier proceeding between the same parties. . . . Both issue and claim preclusion `express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest.'" (Citations omitted.)Mazziotti v. Allstate Insurance Co., 240 Conn. 799, 812-13,695 A.2d 1010 (1997).
In support of their assertion that res judicata and/or collateral estoppel bars Schapira's claim, the defendants direct this court's attention to the 1984 ruling by Judge Schaller, subsequently affirmed by the Connecticut Supreme Court, that Schapira, as the adopted daughter of Beer, was not entitled to Beer's portion of the trust income. Specifically, Judge Schaller held that § 45-64a did not apply to wills executed prior to October 1, 1959. Since Leonard O. Smith's will was executed prior to 1959, the "stranger to the adoption rule" remained in effect, and Schapira, as an adopted child, could not take under the terms CT Page 11566 of the will.
In contrast, this present action involves a declaratory judgment action to determine whether Schapira is now entitled to trust income based on the recently amended § 45a-731. The new amendment makes the statute retroactive to wills and inter vivos trusts executed prior to 1959.[7] In Reid v. Zoning Board ofAppeals, 235 Conn. 850, 670 A.2d 1271 (1996), the Supreme Court stated "that the existence of a claim is a necessary pre-condition to the question of whether the doctrines [of res judicata and collateral estoppel] bar subsequent litigation." Id. 856 n. 4. The current claim is whether the 1991 amended statute entitles Schapira to the trust income of her adopted mother. The effect of the 1991 amendment could not be at issue in a 1984 case. Schapira's motion to strike the defendants' fourth special defense is granted on the ground that the doctrines of collateral estoppel and res judicata do not bar the present action.
IV. Conclusion
Schapira's motion to strike is granted as to the first and fourth special defense, and denied as to the second special defense.
Handy, J.