[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #101
The defendant moves to strike count three of the complaint alleging violation of the Connecticut Unfair Trade Practices Act ("CUTPA") for failure to state a claim pursuant to Practice Book § 10-39 (formerly § 152).
The plaintiff alleges the following facts. In September of 1994, the plaintiff, Warren Webber, entered into an oral contract with Ken D. Rockefeler, the president of the defendant, Able Coil and Electronics Co., Inc., to act as a representative of the defendant. (Count 3, ¶ 3.) Under this contract, the plaintiff would solicit sales for the defendant's products at his own expense and receive a five percent commission on the gross sales receipts paid to the defendant. (Count 3, ¶ 4.) In addition, the plaintiff would receive residual commissions in the event CT Page 10873 that either party terminated the contract. (Count 3, ¶ 5.) The defendant terminated its contract with the plaintiff on or about September 10, 1996. (Count 3, ¶ 7.) The defendant has not paid the plaintiff certain commissions and residuals that are due pursuant to the contract. (Count 3, ¶ 8.)
The plaintiff filed his complaint on December 15, 1997. On February 3, 1998, the defendant filed its motion to strike count three of the complaint, plaintiff's claim for violation of CUTPA. In its motion, defendant claims that the plaintiff has failed to state a cause of action pursuant to Practice Book § 10-39
(formerly § 152). The plaintiff filed his objection to the motion to strike on February 13, 1998.
"Because its function is to test the legal sufficiency of a pleading, a motion to strike admits all facts well pleaded."Knight v. F. L. Roberts Co., 241 Conn. 466, 468 n. 3,696 A.2d 1249 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997); see also Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991) (stating "[i]f any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike").
The plaintiff alleges that the defendant violated CUTPA, General Statutes § 42-110a et seq. He claims that the defendant's conduct occurred outside the confines of the employer-employee relationship because he acted as an independent contractor for the defendant, not as an employee. See LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 493, 656 A.2d 1009
(1995).
The defendant argues that the plaintiff was an employee of the defendant and that "the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." Quimby v.Kimberly Clark Corp. , 28 Conn. App. 660, 670, 613 A.2d 838
(1992), quoting Banerjee v. Robert, 641 F. Sup. 1093 (D. Conn. 1986). It argues that since the plaintiff was an employee of the defendant, he may not bring a CUTPA claim based on a breach of an CT Page 10874 employment contract.
Regardless of the nature of the relationship, the plaintiff merely alleges a breach of contract claim that does not allege conduct that supports a viable action under CUTPA.
CUTPA states "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110(a). "CUTPA is not limited to conduct involving consumer injury. . . [A] competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." (Internal quotation marks omitted.) Service Road Corp.v. Quinn, 241 Conn. 630, 638, 698 A.2d 258 (1997).
"It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business people]. . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . CUTPA reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law." (Citations omitted; internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp. ,245 Conn. 1, 43,(1998). It "must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Id., 42.
"Breach of contract has long been condemned as a matter of law, economics, and public policy." (Internal quotation marks omitted.) Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 72, 605 A.2d 550 (1992). "[T]he same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . ." Id., 71. On the other hand, courts will strike a CUTPA count if it merely alleges a breach of CT Page 10875 contract "absent any fraud, or unfair or deceptive conduct."Production Equipment Co. v. Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996) (Silbert, J.) (15 CONN. L. RPTR. 558). Allegations that state that conduct was "immoral, oppressive and unscrupulous" are only legal conclusions; there must be factual allegations that would support a CUTPA claim.Central Delivery Service of Washington, Inc. v. People's Bank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 438015 (October 1, 1990) (Goldberg, J.) (2 CONN. L. RPTR. 449).
"A majority of Superior Court cases support the claim that [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act." (Internal quotation marks omitted.) Petro v. K-Mart Corp. , Superior Court, judicial district of Waterbury, Docket No. 123768 (February 24, 1998) (West, J.), and cases cited therein. According to the complaint, the defendant hired the plaintiff to solicit sales for the defendant's products. (Count 3, ¶ 4.) The plaintiff alleges violation of CUTPA because the defendant terminated the contract with him "after solidifying a business relationship with . . . accounts [that the plaintiff acquired] to avoid paying usual and customary independent manufacturing representative fees." (Count 3, ¶ 15.) The plaintiff states that such failure to pay is "unfair or deceptive or [a practice] in the conduct of any trade or business in violation of 42-110a et seq., of the general statutes." (Count 3, ¶ 15.) Acquiring customers and failing to pay a contracted commission does not constitute the "substantial aggravating circumstances" necessary to support an action under CUTPA; it merely repeats the plaintiff's allegations of a simple breach of contract. See Petrov. K-Mart Corporation, supra, Superior Court, Docket No 123768.
In addition, these facts do not allege anything that approaches "immoral, oppressive or unscrupulous" conduct. The plaintiff only alleges that the defendant did not compensate him for sales of the defendant's products that he helped secure. The plaintiff's claim that the defendant's conduct was "unfair or deceptive" is a legal conclusion and does not state a claim upon which relief can be granted under CUTPA. See Central DeliveryService of Washington, Inc. v. People's Bank, supra, 2 CONN. L. RPTR. 449. CT Page 10876
Since the plaintiff has only alleged facts to support a breach of contract claim, the defendant's motion to strike count three of the complaint is granted.
Hennessey, J.