[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 2, 1997
In this case, plaintiff Lawrence I. Lichstein brings an action against defendant Yankee Coach Trailer Sales, Inc. and Richard M. Balboni, Jr. In his seven count complaint dated November 1, 1996, plaintiff alleges negligence, breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and violation of the Connecticut Unfair Trade Practices Act, CUTPA, Connecticut General Statutes Section 42-110 (b)(a).[1]
To summarize and simplify, the gravamen of plaintiff's claim CT Page 7211 is that he suffered damages and loss as a result of defendants' negligent servicing of his semi-trailer motor vehicle, which is outfitted to store equipment and machines and to provide services for professional bowlers around the country.
Pursuant to a March 4, 1997, Motion to Strike, defendant has moved to strike the sixth and seventh counts of the complaint, on the grounds that plaintiff has failed to adequately allege the predicate factual elements necessary to maintain claims for violations of CUTPA. The arguments in support of defendants' motion are set out in Defendant's Revised Memorandum of Law in Support of Their Motion to Strike dated March 27, 1997. Plaintiff has filed an Objection to Motion to Strike dated May 16, 1997, supported by a Memorandum of Law Opposing Motion to Strike of that same date.
I have reviewed the arguments made by counsel in the light of the allegations set out in the complaint. For the reasons stated below, the motion is denied.
Standard of Review
In ruling on a motion to strike, the court must construe the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384
(1994). For purposes of a motion to strike, all well pleaded allegations are taken as true. Kilbride v. Dushkin PublishingGroup, Inc., 186 Conn. 718, 719 (1982). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autori, 236 Conn. 820, 826 (1996). In ruling on a motion to strike, the allegations include necessarily implied facts. Slitz v. Pyramid Custom Home Corporation of Conn.,
No. 323247 (Conn.Super., Danbury, April 4, 1997, Stodolink, J.).
Legal Analysis
In the sixth count of the complaint, after realleging and incorporating by reference earlier allegations, plaintiff alleges as follows:
 8. At the time plaintiff entered into the contract with the defendant YANKEE COACH the defendant YANKEE COACH represented to the plaintiff that the defendant was an experienced garage with experienced mechanics who had repaired and renovated several motor vehicles or trailers similar CT Page 7212 to the plaintiff's trailer and had performed work to be performed under the agreement.
 9. The plaintiff relied on the representations of the defendant YANKEE COACH in entering into the agreement.
 10. In fact, the defendant YANKEE COACH had not, prior to contracting with the plaintiff for the repair and renovation of the plaintiff's trailer, performed such work as the type described herein.
In the seventh count, the same allegations are made with respect to the defendant Richard M. Balboni, Jr., a mechanic, in paragraphs 8 and 9. Paragraph 10 alleges as follows:
 10. In fact, the defendant BALBONI had not, prior to contracting with the plaintiff for the repair and renovation of the plaintiff's trailer, performed such work as the type described herein or the type described to the plaintiff, and at all times herein mentioned neither the defendant BALBONI nor "JOE'S AIR CONDITIONING" were licensed to sell, equip or maintain motor vehicle air conditioning equipment pursuant to and as required by Connecticut General Statutes Section 14-106.
Defendants' first argument in support of their motion to strike is that plaintiff has not sufficiently pleaded a CUTPA violation because the plaintiff has only alleged, in essence, that the defendant has neglected its duty and/or breached its contractual responsibilities. A CUTPA violation, defendant argues, citing relevant caselaw and referring to the three criteria of the "cigarette rule," must do more than allege mere negligence or breach of contract. I agree with defendants' assertion that the case law supports the proposition that negligent acts, or a mere breach of contract, standing alone are not sufficient to constitute a cause of action under CUTPA. See,e.g., A. Secondino Sons, Inc., v. L.D. Land Company et al., 13 CONN. L. RPTR. NO. 7, 232 (February 13, 1995); Moria C. Robertsonv. Stop Shop Supermarket Co., 9 CONN. L. RPTR. 16, 485 (September 6, 1993). But I do not agree with defendants' analysis of the allegations made in the sixth and seventh counts of the complaint. Where a complaint includes allegations of affirmative misrepresentations, such as those present here, a CUTPA claim is permissible. See Slitz v. Pyramid, supra, at page 4, and the cases cited therein by Judge Stodolink. Construing the CT Page 7213 allegations in the complaint most favorably to plaintiff, the above cited paragraphs of the sixth and seventh counts allege such misrepresentations by defendants in the course of their doing business. These allegations of misrepresentations, upon which plaintiff claims to have relied, are sufficient to satisfy the first two prongs of the "cigarette rule" and bring the case within the broad, remedial reach of CUTPA.[2] Sportsmen'sBoating Corporation v. Hensley, 192 Conn. 747, 756 (1984).
Defendants' second argument in support of their motion to strike is that a single instance or isolated instance of unfair practices does not warrant relief under CUTPA. Defendant cites numerous cases in support of this argument. See, e.g., Morgan v.Tolland City Health Care, Superior Court, Judicial District of Hartford-New Britain at New Britain, Docket No. 469204, 16 CONN. L. RPTR. 294 (February 9, 1996) (Handy, J).
As plaintiff notes, there is a split of authority at the trial court level on this issue. The issue is whether CUTPA can be applied to single isolated acts, or only a course of conduct, will not be decisively settled until our Supreme Court addresses it. However, it has been noted that "the overwhelming majority of trial courts have held that a single act is sufficient for liability under CUTPA." Satkunas v. Catholic Cemeteries Assoc.,
No. CV 96-0131106 (Conn.Super., Waterbury, January 7, 1997, Pellegrino, J.). Having reviewed many of the cases on both sides of this issue, I believe that the majority view is the better view and that a single act is sufficient for liability under CUTPA. I endorse the analysis of Judge Berger in Appleton v.Suffield Financial Corp., 4 CONN. L. RPTR. 548, 549 (April 2, 1991). See also cases cited by plaintiff in its memorandum of law in opposition. CUTPA is a remedial statute and should be liberally construed. Web Press Services Corporation v. New LondonMotors, Inc., 203 Conn. 342, 344 (1987). I do not believe it is stretching the statute beyond its limits to apply it in a case in which it is alleged that a defendant made affirmative misrepresentations to a plaintiff to induce the plaintiff to enter into a commercial relationship, to the plaintiff's detriment.
For the reasons stated above, defendants' motion to strike the sixth and seventh counts denied.
LAVINE, J. CT Page 7214