[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Stephen Joel Schur, filed a complaint against the defendants, David Ogilvy and David Ogilvy and Associates, Inc., alleging negligent misrepresentation, innocent misrepresentation and a violation of the Connecticut Unfair Practices Act (CUTPA), General Statutes § 42-110 et seq. The motion to strike before the court is directed to count three of the plaintiffs complaint which is the CUTPA violation count. The plaintiff alleges that David Ogilvy, acting in his capacity as a real estate broker and employee of David Ogilvy and Associates, Inc., showed him property located in Greenwich, Connecticut (the "property") and in order to induce him to purchase the property, failed to disclose material facts, and made statements that the defendants knew or should have known were false. The plaintiff claims that he justifiably relied on these misrepresentations and entered into a contract of sale for the property.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . ." Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The facts alleged in the complaint are to be construed in the light most favorable to the pleader. Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 639 A.2d 293 (1997). "A motion to strike is properly granted where the complaint consists of legal conclusions that are unsupported by facts." Bennett v. Connecticut Hospice, Inc., 56 Conn. App. 134, 136-37, ___ A.2d ___ (1999), cert. denied, 252 Conn. 938, ___ A.2d ___ (2000). If any facts provable under the express and implied allegations in the complaint would support a cause of action, the motion to strike should be denied. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991).
The defendants contend that the plaintiffs "bald assertions" of the defendants' negligent conduct are insufficient to support a CUTPA violation, and also that the Connecticut Supreme Court has never found that mere negligence was sufficient to support a CUTPA CT Page 4784 violation. The plaintiff argues that the complaint does contain adequate facts to sustain a claim for a violation of CUTPA, and that no appellate court of this state has decided whether negligence alone is sufficient to support a CUTPA violation.
General Statutes § 42-110b provides that "[no] person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether a practice is unfair and a violation of CUTPA, the Connecticut Supreme Court relies on the criteria set forth in the "cigarette rule."[1] These criteria are as follows: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Alien-Bradley,250 Conn. 334, 368, 736 A.2d 824 (1999).
Examining the third count of the plaintiffs complaint in light of the first prong of the "cigarette rule," the plaintiff has alleged sufficient facts to support a finding of a practice that falls within "an established concept of unfairness." In paragraph five, the plaintiff alleges that David Ogilvy was acting in the course of his business as a real estate broker. In paragraphs nine and ten, the plaintiff alleges that the defendants made false representations concerning the condition of the property and that he relied on these misrepresentations. In defining negligent misrepresentation, § 552 of the Restatement (Second) of Torts (1977) states, "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information. . . ." Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 593,657 A.2d 212 (1995).
Although the defendants do not dispute that the plaintiff has alleged sufficient facts to support the first prong of the cigarette rule, they rely on the proposition enunciated in A-G Foods, Inc. v. CT Page 4785 Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69 (1990), that "the first prong, standing alone, is insufficient to support a CUTPA violation at least when the underlying claim is grounded solely in negligence." In Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34,669 A.2d 964 (1997), however, the court noted that subsequent to its decision in A-G Foods, Inc., it had stated that A-G Foods, Inc. "stands for the proposition that there is no CUTPA violation when the sole basis of the claim is the defendant's negligence and the jury determines that the plaintiff was contributorily negligent." (Emphasis added.) The court further noted that it had yet to "decide whether negligence alone is sufficient to support a CUTPA violation." Id., 34.
Although the Supreme Court has yet to decide whether negligence alone, without contributory negligence, is sufficient to establish a CUTPA violation, a number of Superior Court decisions have found that negligence is enough to support a CUTPA claim when all three criteria of the "cigarette rule" are satisfied. See McCarthy v. Jensen's Inc., Superior Court, judicial district of New London, Docket No. 535951 (March 12, 1997, Booth, J.) (19 Conn.L.Rptr. 286); Farrah v. Acker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555890 (May 27, 1998, Lager, J.); (22 Conn. L. Rptr. 39); Anzellotti v. National Amusements, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546129 (February 20, 1996, Hennessey, J.).
As for the second prong of the cigarette rule — whether the alleged practice is immoral, unethical, oppressive or unscrupulous — the plaintiff has alleged facts sufficient to support that prong. In paragraph eleven, the plaintiff alleges that the defendants knew or should have known their representations were false. The plaintiff not only contends that the defendants were negligent, but in paragraph twelve alleges that the defendants failed to disclose material facts in order to induce the plaintiff to enter into a contract of sale. A substantial number of Connecticut Superior Court decisions have found that a complaint that alleges affirmative misrepresentations is sufficient to satisfy the first and second prongs of the "cigarette rule." See Messler v. Barnes Group, judicial district of Hartford at Hartford, Docket No. 560004 (February 1, 1999, Teller, J.) (24 Conn.L.Rptr. 107); Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.); Slitz v. Pyramid Custom Home Corp. of Connecticut, Superior Court, judicial district of Danbury, Docket No. 323247 (April 4, 1997, Stodolink, J.); Lichstein v. Yankee Coach, Superior Court, judicial district of Hartford-New Britain at CT Page 4786 Hartford, Docket No. 565882 (July 2, 1997, Lavine, J.) (20 Conn. L. Rptr. 21).
Allegations that the defendant knew or should have known facts that he did not disclose, if proven, may be concluded to be unethical, immoral, oppressive, and unscrupulous. Christensen v. Water Air Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 065366 (March 16, 1998) (Sullivan, J.). The plaintiffs allegations, construed in a light most favorable to him, imply unethical conduct on the part of the defendants. Thus, the plaintiff has stated sufficient facts to support prong two of the "cigarette rule".
Turning to the third prong of the "cigarette rule," the plaintiff has alleged sufficient facts in support of a substantial injury. "[W]hether the [act or practice] caused substantial unjustified injury to consumers, competitors, or other business people, is the most important . . . criteria." Thames River Recycling v. Gallo,50 Conn. App. 767, 785, 720 A.2d 242 (1998). For an act or practice to have caused such injury, three factors must be found: "one, the injury caused must have been substantial; two, the injury caused must not have been outweighed by countervailing benefits to consumers or by competition that the practice produces; and three, that the injury caused must have been an injury that the consumer, competitor, or other business person could not reasonably have avoided." Id. In paragraph six, the plaintiff alleges that the defendants stated the property was in perfect condition. The plaintiff then alleges, in paragraph ten, a laundry list of defects with respect to the property. In paragraph twelve, the plaintiff alleges that he justifiably relied upon the defendants' misrepresentations to his financial detriment. Allegations of the plaintiffs financial detriment, based on the defendants' misrepresentations, are sufficient to support the third prong of the "cigarette rule."
Because count three of the plaintiffs complaint alleges sufficient facts from which it could be found that the defendant's violated General Statutes § 42-110b, the defendants' motion to strike is denied.
D'ANDREA, J.